## LEISY BREWING CO v. SCHAFER.

No. 11376—Opinion Filed June 19, 1923.

**1. Contracts — Validity — Mutuality — Exclusive Agency for Sale of Goods.**

An oral contract, entered into by the obligor and obligee by which the obligor appoints the obligee its exclusive agent to sell certain of obligor's products of a specified kind at a price agreed on, and obligor agrees to quote no prices and make no sales to others without the obligee's consent, is not void for lack of mutuality, though the obligee did not bind himself to purchase any of said products.

**2. Same—Breach of Contract — Measure of Damages.**

The measure of damages for a breach of contract of sale such as the one involved herein would be such amount as would compensate the defendant for all damage or detriment proximately caused by the breach of the contract, and all profits derived from the sale of the product of plaintiff in the state or territory in which the defendant was given exclusive right of sale over and above the price agreed upon to the defendant, would be a proper element and basis of damages.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Canadian County; J. I. Phelps, Judge.

Action by the Leisey Brewing Company against Henry Schafer. Judgment for defendant on cross-petition, and plaintiff brings error. Affirmed.

Maurer & Wallace, for plaintiff in error.

Babcock & Travathan, for defendant in error.

Opinion by JONES, C. The plaintiff in error was plaintiff below and commenced this action in the district court of Canadian county against the defendant for the penalty on a bond which the defendant executed as surety for one Herman Harms. It is alleged that the conditions of said bond had been violated and by reason thereof the defendant, as surety, was liable for penalty thereof. The defendant answered, denying liability on the bond, and filed his cross-petition alleging that on or about the 7th day of January, 1914, plaintiff and defendant, Schafer, entered into an oral contract by the terms of which the defendant, Schafer, agreed to sell during the year 1914, in the state of Oklahoma, 100 carloads or more of the products of the plaintiff's breweries, called "Leisy's Temp Brew," said plaintiff agreed to make defendant sole agent in and for the state of Oklahoma, and to furnish the product to no other person in the state, except through the defendant, Schafer; that it was agreed that said brew should be delivered to the defendant, Schafer, at the agreed price of $7 per barrel, and was to be retailed at the price of $10 per barrel, and that the difference between the purchase price and the sale price to the retailer would be the compensation to the said Schafer for handling said product in the state of Oklahoma.

The defendant, Schafer, contends that he performed all of the things and conditions incumbent upon him under the terms of the agreement, and that the plaintiff has wholly failed and refused to make and appoint him as sales agent in the state of Oklahoma, but on the contrary has sold and shipped to various persons generally throughout the state the said "Temp Brew," during the year of 1914, to the extent of more than 100 carloads, or 12,000 barrels, to the damage of this defendant in the sum of $36,000. To which answer the plaintiff replied by general denial.

The facts further disclose that subsequent to the institution of this suit, the controversy as to the bond in which Harms was principal and this defendant surety was settled, and at this time the only matter in controversy is the issue raised by reason of the defendant Schafer's cross-petition. The evidence offered in this case to prove the contract or agreement relied upon by the defendant, Schafer, is voluminous and consists of a lengthy correspondence between him and one D. W. Ogden, general sales agent of the Leisy Brewing Company, and also some correspondence with the brewing company, and while the plaintiff in error urges numerous assignments of error, the only question really in issue is that of whether or not the agreement was entered into, and, if so, in what amount the defendant, Schafer, has been damaged by reason of the failure of the plaintiff to comply with its part of the agreement.

We find the facts to be substantially as alleged by the defendant in his cross-petition, and while there is a conflict of evidence, we think that the contention of the defendants is reasonably established by the preponderance of the evidence, establishing the fact that he was employed to represent the brewing company in the sale of "Temp Brew" in the state of Oklahoma, and that he performed all services incumbent upon him, in that he secured samples of the brew and induced parties in various parts of the state of Oklahoma to sell same, who were afterwards arrested and charged with violation of the liquor laws of the state of Oklahoma; that said cases were taken to the Criminal Court of Appeals and there adjudicated, and it was finally decided that "Temp Brew" was not such a beverage as is prohibited by the prohibition laws of the state of Oklahoma.

The defendant further established subagencies in various parts of the state for the purpose of handling this product and had given a great deal of time and incurred considerable expense in determining whether or not it would be legal to sell "Temp Brew" in this state; that these transactions required considerable time; that he was continually in correspondence with Mr. Ogden and with the brewing company, and they were advised at all times of his actions and efforts in behalf of himself, and in their behalf, to establish the fact that their product could be legally sold in this state, and that soon after the consummation of these various transactions, the brewing company, plaintiff herein, repudiated said contract and refused to carry out the terms of same, whereupon this suit was instituted.

One of the contentions of plaintiff in error is that the contract, if in fact ever made, was void, for want of mutuality, but in view of the nature of same, and the efforts and services rendered, and expense incurred by the defendant Schafer, as shown by the evidence, we cannot agree with the contention of the plaintiff in error on this question.

The evidence unquestionably establishes the fact that the defendant, Schafer, rendered valuable service in placing the product of the plaintiff in error, to wit, "Temp Brew," before the public, and in providing for and in taking every precaution to establish the fact that "Temp Brew" was a legitimate drink or beverage, and could be legitimately sold in

the state of Oklahoma. W. G. Taylor Co. v. Bannerman et al. (Wis.) 97 N. W. 918, is a case based on a contract very similar to the one under consideration here; and the questions of whether or not Ogden was acting within the scope of his authority as an agent of the company, and whether or not his acts and conduct in employing the defendant Schafer, were approved and accepted by the plaintiff company, are purely questions of fact. Likewise, the question of damages, all of which was submitted to the jury by the court, under proper instructions as to the law of the case.

The plaintiff in error further complains of certain instructions given by the court, to wit, Nos. 3, 4 and 5, which are as follows:

"No. 3. You are further instructed, gentlemen of the jury, that if you find and believe from a preponderance of the evidence that the Leisy Brewing Company, made and entered into a parol contract with Henry Schafer, or if you find and believe from a preponderance of the evidence that one Ogden, the representative and agent of said Leisy Brewing Company, made and entered into such contract with said Schafer, and that the said Leisy Brewing Company approved, adopted and confirmed such contract either in specific terms or by its conduct, and if you further find and believe from the evidence that the said Leisy Brewing Company violated the terms of such contract and failed, neglected, or refused to perform the conditions of such contract, and that said Henry Schafer was thereby damaged, then he would be entitled to recover the amount of such damages as might reasonably have been contemplated by the contracting parties as his profits under the terms of such contract. You are instructed in this connection, that a parol or oral contract or agreement, is enforceable in law the same as a written contract.

"No. 4. You are further instructed, gentlemen of the jury, that for the breach of an obligation arising from contract, the measure of damages is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom. No damages, however, can be recovered from a breach of contract which are not clearly ascertainable in both their nature and origin. And in this connection, you are instructed that if you find and believe from a preponderance of the evidence that such contract was made between the parties hereto, and that the Leisy Brewing Company has committed a breach thereof and that said Henry Schafer has been damaged thereby, then the amount of his damage would be such as will compensate him for all the detriment proximately caused by such breach of such contract or which in the ordinary cause of things would be likely to result therefrom. However, he

would not be entitled to recover any damages which are not clearly ascertainable in both their nature and origin.

"No. 5. You are instructed that in passing upon the question of the admissibility of any evidence, the court has not expressed nor intimated nor intended to express or intimate, any opinion as to the credibility of the evidence. The court has simply determined what evidence offered in the case was proper to go before you for your consideration. As to the weight and credit to be given to the evidence introduced, you are the sole and only judges You are the exclusive judges of the weight and credibility of the testimony of the witnesses in the case, and in determining what weight and credit you will give to the testimony of any witness, you may take into consideration the demeanor of the witnesses upon the stand; their manner of testifying; their frankness or lack of frankness; their candor or lack of candor; their opportunity or lack of opportunity for knowing and seeing the things about which they have testified."

The questions raised by the plaintiff in error, as we view them, are purely questions of fact, and the matter having been fairly submitted to a jury under instructions from the court, which are clear and comprehensive, fully stating the law applicable to the facts in the case, the jury finding for defendant by a preponderance of the evidence, as we think, is clearly substantiated by the record.

We discover no reason why the judgment of the court below should be disturbed. Whereas, the same is affirmed.

By the Court: It is so ordered.