## ACACIA OIL & GAS CO. v. TIDAL OIL CO.

No. 11428—Opinion Filed July 10, 1923.

### 1. Trial—Demurrer to Evidence.

When the evidence offered or tendered by the plaintiff is sufficient to make a prima facie case, it is reversible error on the part of the trial court to sustain a demurrer thereto.

### 2. Same.

It is a well-settled rule that a demurrer to the evidence admits all the facts which the evidence tends to prove, or of which there is any evidence, however slight, and all inferences which can be logically and reasonably drawn from the evidence.

### 3. Same.

It is the settled rule that a demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove and all inferences or conclusions that may be reasonably and logically drawn from the evidence. This court will consider as withdrawn all evidence which is most favorable to the party demurring. If the inference to be drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the facts to be deduced from such inference. A demurrer to the evidence not only admits the truth of the evidence of the demurree, but also all the facts which the evidence in any degree tends to prove, and is a waiver of all the evidence of the demurrant which conflicts with that of his adversary and of inferences from his own evidence.

### 4. Oil and Gas—Sale of Lease and "Equipment"—Construction—Evidence.

Where a contract assigns or conveys all the interest of the grantor in an oil and gas mining lease upon which there are producing oil wells, together with all equipment thereon, and a suit is thereafter instituted in which the question of whether or not a stack of line pipe found on the leasehold at the time of the conveyance was a part of the equipment, this raises a question of fact,

and it is reversible error for the court to refuse to permit the plaintiff to offer competent, relevant, and material evidence in proof of the question as to what may constitute equipment, and take the case from the jury.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No 3.

Error from District Court, Osage County; Preston A. Shinn, Judge.

Action by the Acacia Oil & Gas Company against the Tidal Oil Company in replevin. Demurrer to evidence sustained, and plaintiff brings error. Reversed and remanded.

H. P. White, for plaintiff in error.

Y. P. Broome and J. C. Wilhoit, for defendant in error.

Opinion by JONES, C. In this case the plaintiff in error, plaintiff below, instituted suit on December 31, 1917, against the defendant in error, to recover the possession of 1,600 feet of two-inch line pipe, and alleges that it was the owner of same, and that the defendant wrongfully detained the possession thereof. An affidavit in replevin was filed, upon which a writ of replevin was issued, served, and returned, showing that the officer had taken charge of the pipe in question, and the defendant filed a redelivery bond, and thereafter filed an answer, which consisted of a general denial.

On June 18, 1917, the plaintiff and defendant entered into a written contract whereby the plaintiff, Acacia Oil & Gas Company, agreed to sell and convey, subject to the approval of the Secretary of the Interior, two departmental oil and gas mining leases, with the wells and equipment thereon, to the defendant in error. The agreement or assignment was executed by plaintiff in error and thereafter approved by the Secretary of the Interior, conveying all of the right, title, and interest of the plaintiff in error to the defendant. The plaintiff alleged and offered to prove that the line pipe in question was not in use and had never been in use on either of said leases, nor in connection with the operation of said leases, but was piled up at the side of one of the leases.

The case was tried to a jury and the court sustained a demurrer interposed by the defendant to the evidence of the plaintiff, took the case from the jury, and dismissed the plaintiff's action.

The trial court took the view that the word "equipment," used in said contract,

as a matter of law, included said stack of line pipe, and at the conclusion of the trial the court stated:

"As I understand it, there is no question here but what the pipe was owned by the plaintiff at the time of this transfer, and at the time of this contract, and that after the transfer was made there isn't any question but what they sent their teams over after the pipe, and that they were denied the possession of the pipe, and that the suit for replevin was brought and that the whole business depends, as I get it, on the meaning of this contract, as to whether or not the pipe belongs to the plaintiff or the defendant—whether or not the plaintiff sold the pipe to the defendant under this contract. I think the record is sufficiently complete, and the court is going to have to hold that the words 'two oil mining leases and the equipment thereon,' included the pipe and that the pipe became the property of the defendant."

The plaintiff offered to prove by different witnesses that the stack of pipe in controversy was not a part of the equipment of the lease and wells thereon, and that it would not be included, under the terms of the contract conveying equipment, to which offer and tender the defendant objected and the court sustained the objections; and while the record discloses that some other evidence was offered, it is not material.

Plaintiff in error assigns six different assignments of error. We think the sixth assignment of error reaches the real question in this case, which is as follows:

"The trial court erred in holding and deciding as a matter of law, that the word 'equipment' used in the contract entered into between the parties hereto, June 18, 1917, offered in evidence, included the property replevied by the plaintiff against the defendant herein."

This, we think, involves a very elementary principle of law. The word "equipment" is a very broad and general term, and in its general acceptance, as used in contracts of this character, would cover all tools, material, buildings and machinery necessarily used in the operation of the oil wells upon the leases, but the equipment for one oil or gas well might be entirely different from that of another. This would depend upon the nature, character, and condition of the well, and the number of wells that were being operated. Under some conditions, it might include almost every conceivable tool, appliance, or machine that is used in oil fields. It might include trucks and vehicles used for the purpose of conveying oil, tools, and machinery. Under some circumstances it might include a complete set of fishing tools, and all appliances known to the oil fraternity and used by them in an effort to take from an oil well any tool, casing, or instrument, which may have fallen into it. So it is clearly a question of fact as to what would constitute "equipment" to be deduced from the character of contract in question, and the character of the leases and the condition in which they were at the time the contract was made. Bouvier's Law Dictionary defines "equipment" to be furnishings for the required purpose."

The trial court was clearly in error in sustaining the objection made to the evidence offered on the question of what constituted "equipment," and was in error in sustaining the demurrer of the defendant, and in taking the matter from the jury and dismissing the plaintiff's cause of action, and in overruling plaintiff's motion for a new trial.

The judgment is, therefore, reversed, and remanded to the lower court for a new trial.

By the Court: It is so ordered.