## FORRY v. BROPHY et al.

No. 15245—Opinion Filed March 17, 1925.

Opinion Withdrawn, Corrected, and Refiled Jan. 19, 1926.

### 1. Trial—Demurrer to Evidence—Consideration.

It is the settled rule that a demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove and all inferences or conclusions that may be reasonably and logically drawn from the evidence. This court will consider as withdrawn all evidence which is most favorable to the party demurring.

### 2. Pleading—Writing as Exhibit—Variance.

Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint.

### 3. Mechanics' Liens—Filing—Statutory Requisites.

No judgment can be rendered declaring a lien against an owner's property and ordering the foreclosure and sale thereof for material furnished or labor performed, unless an account and lien statement have been filed

against said owner with the clerk in the manner provided by the statute law of this state.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by E. K. Forry against Atlas Supply Company, L. W. Brophy, the H. I. L. Oil & Gas Company, R. L. Brown and F. L. Dalton, copartners, to reform a judgment declaring a lien and ordering the foreclosure and sale of the plaintiff in error's property. Judgment against petitioner. and he appeals. Reversed, with instructions.

Robt. W. Miller, for plaintiff in error.

Ezra Brainerd, Jr., Charles P. Gotwals, and John T. Gibson. for defendant in error L. W. Brophy.

N. A. Gibson, T. L. Gibson, and J. L. Hull, for defendant in error Atlas Supply Company.

Opinion by THOMPSON, C. This appeal is from a judgment of the district court of Muskogee county from an order denying the petition of E. K. Forry, plaintiff in error, to vacate a judgment and decree in favor of the Atlas Supply Company, a corporation, L. W. Brophy et al., defendants in error, to vacate and set aside judgment and decree made on the 2nd day of March, 1923, in consolidated cases, reforming the pleadings in said consolidated cases and modifying the judgment and decree so as to protect the plaintiff in error's interest in leasehold estate.

Upon examination of the record it is disclosed that there were two cases pending in the district court of Muskogee county—one of the Atlas Supply Company against J. H. Ivey, A. J. Holt, Charles Lammers, L. W. Brophy, H. Burke, H. L. Cates, George Fueg, Thomas J. Ketchell, L. E. Gerber, George C. Fuller, R. L. Campton, R. H. Azard, Jeff T. Boucher, J. N. Corbell. E. C. Berber, J. W. Bates, M. B. Tarkington, E. K. Forry, and the H. I. L. Oil Company, and numbered 11380; plaintiff in error being a party defendant to said action. Said action was instituted to recover the sum of $392.50, with interest thereon from the 5th day of July, 1921, and for $50 attorney's fees, and for foreclosing lien for material furnished the defendants and used upon an oil and gas mining lease; the lien statement relied upon being filed as an exhibit to the petition.

The other action was by L. W. Brophy against the H. I. L. Oil Company, a corporation, Geo. D. Hope Lumber Company, a corporation, Atlas Supply Company, a corporation, R. L. Brown and F. S. Dalton, copartners, trading under the firm name of Brown & Dalton; plaintiff in error not being a party to said action. This action was for judgment upon note and for the foreclosure of mortgage given on the entire lease and property in which the defendants in each case were interested and given as security for the payment of said note. This action was numbered 11807. Copies of note and mortgage were attached to petition as exhibits.

R. L. Brown and F. S. Dalton, as copartners, defendants in case No. 11807, filed an answer and cross-petition in which they claimed a lien for the sum of $663.80 with interest, $100 for attorney's fees, and for lien against the property. They attached to said answer and cross-petition a copy of the lien claim as an exhibit, but the plaintiff in error, E. K. Forry, was not made a party to said cross-petition nor named in the lien statement.

The two actions were consolidated and tried as one action under number 11807, and resulted in a judgment by default against the plaintiff in error, E. K. Forry, and against the other defendants as follows: Judgment in favor of the Atlas Supply Company in the sum of $31.34 and $25 attorney's fees; in favor of L .W. Brophy in the sum of $1,098, with interest at eight per cent., and $109.80 attorney's fees; in favor of Brown & Dalton in the sum of $540.50 and $54 attorney's fees; and ordered the foreclosure of the liens and mortgage and appraisement and sale of the property. and upon said judgment and decree an order of sale was issued out of the office of the court clerk of the district court of Muskogee county.

The sheriff made return of sale on the 12th day of May, 1923, having sold the entire property to L. W. Brophy for the sum of $1,507.

On the 21st day of May, 1923, and before the confirmation of said sale, the plaintiff in error, E. K. Forry, filed his petition to vacate or modify the judgment theretofore rendered in this cause and had summons issued, which was duly served upon L. W. Brophy and the Atlas Supply Company, the plaintiffs in the two actions.

On the 18th day of June. 1923, while the petition of the plaintiff in error was pending to vacate and set aside the judgment, the court made its order confirming the sale.

On the 18th day of July, 1923, after certain motions and demurrers had been sustained to the petition of plaintiff in error, the plaintiff in error filed his second petition to vacate, modify, or reform judgment, which in substance alleged that he was the owner of a 1-32 interest in certain leasehold estate on all of block 335 in the city of Muskogee and lots 1, 2, and 3 of block 326 in the city of Muskogee for oil and gas mining purposes, and such interest was assigned to him on the 11th day of December, 1920.

That said leasehold estate was divided into 32 equal shares; 30 shares being held by the original lessees, one of whom was the plaintiff, L. W. Brophy.

That in 1921 the holders of the 30 equal shares organized and incorporated the H. I. L. Oil & Gas Company; the other two outstanding shares being owned by the plaintiff in error and J. N. Corbell and were not included in the organization of the said corporation.

That in exploiting and developing said leasehold estate certain supplies were purchased of the Atlas Supply Company and that plaintiff in error had paid into the company his share of the expenses of said exploitation a sufficient amount to pay his pro-rata share of the Atlas Supply Company's debt.

That the Atlas Supply Company filed its declaration of lien in the office of the court clerk of Muskogee county, which declaration did not contain the name of the plaintiff in error as owner or in any way liable for the amount claimed, but when it filed its action his name was included with the others as a defendant in said cause.

That an adjustment was had of the claim of the Atlas Supply Company, which reduced the demand from the amount sued for to a balance of about $31, and that it was agreed that the plaintiff Atlas Supply Company would dismiss its action as against the plaintiff in error, and relying upon said agreement and having previously contributed his pro-rata share to the lien claim, he filed no answer in the action and default judgment was taken against him.

That the plaintiff in the other action, L. W. Brophy, was also named as one of the defendants in the case of the Atlas Supply Company.

That the said L. W. Brophy, in his action to foreclose his mortgage against the H. I. L. Oil Company, did not make the plaintiff in error a party, as he was not a party to the execution and delivery of the mortgage, and had entered into no contractual relations with the plaintiff Brophy in the making of said mortgage, or the note secured by it.

That the Atlas Supply Company and L. W. Brophy entered into a conspiracy, purposely designed and fraudulently consummated by the said L. W. Brophy and the said Atlas Supply Company, whereby they consolidated the two actions, No. 11380 and No. 11807, for the purpose of wronging, cheating, and defrauding plaintiff in error.

That the plaintiff in error had paid all of his obligations and assessments, and was in no way indebted either to the Atlas Supply Company or L. W. Brophy.

That by entering the decree it, in effect, wrongfully divested the plaintiff in error of all right, title, and interest in the said leasehold estate, and said judgment was the direct result of the collusion, fraud, and deception practiced upon the court by the H. I. L. Oil & Gas Company and the said Atlas Supply Company.

That on the claim of Brown & Dalton an assessment was made against the plaintiff in error for his pro-rata share of the indebtedness for the said Brown & Dalton and that he paid the amount assessed against him.

That he had no notice of the consolidation of the cases and was not present at the time the cases were tried.

Plaintiff in error prays for an order, judgment, or decree vacating judgment entered in the consolidated causes or for an order modifying judgment and decree so that petitioner's equitable interests in said leasehold estate may be preserved, and for general relief.

L. W. Brophy filed answer by way of general denial.

The Atlas Supply Company filed its answer by way of general denial, admitting the interest of the plaintiff in error, E. K. Forry, in the oil and gas mining leases described, but alleged that the same was subject to the lien of the Atlas Supply Company and that he was liable therefor as a partner with the H. I. L. Oil & Gas Company and others. That said debt was contracted as a member of the partnership and was used for the improvement of the property; that in the trial of the cause the Atlas Supply Company was adjudged to have a lien upon the property described and that the same had been sold and proceeds disbursed by the sheriff according to the orders of the court. Said company denied that it had been guilty of any

deception, deceit, or fraud; that it at any time agreed with the said E. K. Forry, plaintiff in error, to dismiss its action against him; that it had any knowledge that plaintiff in error had paid his assessment into the company, and denied that the Atlas Supply Company had received. or been paid the amount claimed to have been paid on plaintiff in error's assessments, and prayed that plaintiff in error take nothing by his petition.

Brown and Dalton were not served with summons and did not answer.

The cause proceeded to trial before the court. At the close of the testimony on the part of the plaintiff in error, the Atlas Supply Company and L. W. Brophy each filed demurrers to the evidence introduced by the plaintiff in error, which demurrers were by the court sustained, and the petition of the plaintiff in error to vacate and modify the judgment was dismissed at the cost of the plaintiff in error.

Motion for new trial was filed, heard, and overruled, exceptions reserved, and the cause comes to this court by appeal of the plaintiff in error for review.

The motion of L. W. Brophy and the Atlas Supply Company, two of the defendants in error. to dismiss this appeal was made prior to the correction of the case-made, as was allowed by this court. Since the correction was made the first two grounds for dismissal must be overrruled, as a nunc pro tunc order made by the trial court corrects the omissions complained of. The third ground was that Brown & Dalton were not served with summons. The journal entry shows that they were served, but did not appear and made default. Whether they were served or not, they were not parties to the action in which this plaintiff in error was made defendant, but filed their cross-petition in the case of L. W. Brophy against H. I. L. Oil Company, a corporation, et al., to which action the plaintiff in error was not a party, and as heretofore stated in this opinion, the basis for their claim for judgment and lien in this case was their account and lien statement, which did not include the plaintiff in error. A judgment in their favor by the trial court against this plaintiff in error was clearly outside the issues in the case and wholly void. We are, therefore, of the opinion that the motion to dismiss the appeal should be and is hereby denied.

The well-established rule of this court is, where a demurrer is interposed to the evidence of the plaintiff, as was done in this case, all facts favorable to the party against whom the demurrer is leveled, must be taken as true. In the case of Acacia Oil & Gas Company v. Tidal Oil Company, 91 Okla. 237, 217 Pac. 372, it was held:

"It is the settled rule that a demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove and all inferences or conclusions that may be reasonably and logically drawn from the evidence. This court will consider as withdrawn all evidence which is most favorable to the party demurring. If the inference to be drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the facts to be deduced from such inference. A demurrer to the evidence not only admits the truth of the evidence of the demurrer, but also all the facts which the evidence in any degree tends to prove, and is a waiver of all the evidence of the demurrant which conflicts with that of his adversary and of inferences from his own evidence."

Applying this rule here, we find that the evidence showed that the Atlas Supply Company filed its lien for supplies furnished and the name of E. K. Forry, plaintiff in error, does not appear any place in the lien statement, and, therefore, no lien existed in favor of the Atlas Supply Company against the plaintiff in error, E. K. Forry. he being the owner of 1-32 interest in the property at the time the account was contracted by the Atlas Supply Company, independently of the defendants named therein.

The testimony further shows that E. K. Forry had paid each and every assessment made against his 1-32 interest. Also that the action of the Atlas Supply Company was for an unpaid balance of $392.50, and that after the action had been brought a settlement was made with the Atlas Supply Company by turning over to it 900 feet of pipe at the agreed valuation of 50 cents per foot, making a total of $450, which amount was in excess of the amount sued for in the case of the Atlas Supply Company.

The evidence further showed that L. W. Brophy, who was a stockholder in the H. I. L. Oil & Gas Company, secured a mortgage on the entire holdings, which included the 1-32 interest of the plaintiff in error from the H. I. L. Oil & Gas Company without the knowledge or consent of the plaintiff in error, his 1-32 interest being held independently, and he was in no wise connected with the company as a stockholder. The evidence of the officers of the company, who executed the mortgage, is to the effect that it was

not the intention to include the two-thirty-second interests of plaintiff in error and J. N. Corbell in the mortgage, and that the same was a mistake. The mortgagee, Brophy, must have known and understood at the time that the two thirty-second interests owned by the plaintiff in error and J. N. Corbell should not have been and could not be legally included in said mortgage without their consent, and that, therefore, the plaintiff, L. W. Brophy, could not have any lien upon the property of this plaintiff in error under such circumstances.

The lien claim filed by Brown & Dalton does not contain the name of plaintiff in error and, of course, Brown & Dalton could not have any lien upon plaintiff in error's property.

The court, in passing upon the demurrers in this case, as shown by the record, said:

"I do not hold that the foreclosure includes the 1-32 interest and that so far as this is concerned it is not affected by the judgment for foreclosure of the mortgage."

But the journal entry of the judgment gave the Atlas Supply Company, L. W. Brophy, and Brown & Dalton a lien upon the 1-32 interest of the plaintiff in error, and ordered the lien foreclosed and the property of the plaintiff in error sold. In the final judgment upon the petition to set said judgments aside the court sustained the demurrers to the sufficiency of the evidence of the plaintiff in error and dismissed the petition of plaintiff in error, thus denying him any relief against the acts complained of in his petition upon which he had produced the proof as heretofore stated in this opinion.

The correction of this judgment, in accordance with the facts and in justice to the plaintiff in error, was within the power of the trial court and the correction asked for by the plaintiff in error was clearly right and proper. Where it is shown by the only evidence in the case that neither the Atlas Supply Company, L. W. Brophy, nor Brown & Dalton had any lien of any kind or character against the 1-32 interest of the plaintiff in error in this case as shown by their exhibits attached to their pleadings, it was clearly erroneous for the court to declare a lien in their favor and order the same foreclosed and the property of plaintiff in error sold under said lien, and reversible error to refuse to reform the judgment. L. W. Brophy had no right to any judgment against this plaintiff in error. The Atlas Supply Company, at best, could only have a judgment for $31.34 and $25 attorney's fees, even in face of the fact that the only testi-

mony in the case shows that this plaintiff in error had paid every cent that was due from him, and that the Atlas Supply Company had received more than the amount sued for by it in a settlement prior to the judgment obtained in this case.

We are clearly of the opinion that a wrong has been perpetrated upon the plaintiff in error in this case, and that the judgment of the court was clearly erroneous in declaring a lien upon his 1-32 interest in the property and ordering same foreclosed and his property sold, and that the plaintiff in error has been deprived by said judgment of a legal and substantial right to his property. Notwithstanding the fact that he may have been in default in the case of the Atlas Supply Company, he was not in default in the case of L. W. Brophy and Brown & Dalton, as he was not a party defendant, and certainly he was not in default in the Atlas Supply Company case as to the lien, for on the company's own pleadings he was not made a party to the lien, as shown by the exhibit attached to the petition, neither was he made a party to the liens claimed by Brophy, and, under the rule established by this court, exhibits attached to a pleading upon which remedy is based take precedence over any allegations in the pleading. This court, in the case of Mary A. Hyde v. City of Altus, 92 Okla. 170, 218 Pac. 1081, said:

"Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint."

To the same effect are the cases of First National Bank of Arkansas City v. Jones, 2 Okla. 353, 37 Pac. 824; Long v. Shephard, 35 Okla. 492, 130 Pac. 131; Calman v. Kreipke, 40 Okla. 518, 139 Pac. 698; Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77; Friend v. Southern State Life Ins. Co., 58 Okla. 448, 160 Pac. 457.

This being the state of the pleadings in this case, we are inclined to believe that the court could not and should not have rendered judgment against E. K. Forry foreclosing liens on his interest, when the exhibits show that such liens had no existence, as such judgment of foreclosure is outside and beyond the issues.

We are inclined to believe that E. K. Forry had a right to rely on the representation of his codefendants that his interests would be taken care of in the action upon the theory of the case of J. A. Bearman et al. v.

Dan Bracken et al., 112 Okla. 237, 240 Pac. 713. In the third paragraph of the syllabus in that case it was held, in effect, that the defendant had a right to rely on his interests being taken care of by his codefendant.

We are, therefore, of the opinion that the judgment of the trial court should be reversed and the cause remanded with instructions to overrule the demurrer of the defendants in error to the evidence introduced by the plaintiff in error, E. K. Forry.

By the Court: It is so ordered.

Note—See under (1) 4 C. J. p. 765, § 2708; 38 Cyc. p. 1543. (2) 31 Cyc. pp. 556, 561, 564. (3) 27 Cyc. p. 124.