## ACACIA OIL & GAS CO. v. TIDAL OIL CO.

No. 15431—Opinion Filed Sept. 22, 1925.

Rehearing Denied Oct. 27, 1925.

**1. Appeal and Error—Review—Questions of Fact—Conclusiveness of Finding.**

In the trial of a replevin suit to the court without a jury, and the controlling question to be determined is the ownership of the property involved, the finding and judgment of the trial court will not be disturbed on appeal where there is competent evidence in the record reasonably tending to support the judgment.

**2. Oil and Gas—Oil Lease Equipment—Evidence to Identify as Part of Sale.**

Where a dispute arose between the seller and buyer of a producing oil and gas lease and equipment thereon, over certain material and equipment on the lease not actually in use thereon, evidence that the material and equipment in dispute is the same kind and character as that actually in use is both competent and material in determining whether or not the property in dispute was included in the contract of sale and purchase, purporting to convey the lease with material and equipment on the lease.

**3. Judgment Sustained.**

Record examined, and held, that the record supports the judgment; and that it should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Acacia Oil & Gas Company against Tidal Oil Company. Judgment for defendant, and plaintiff appeals. Affirmed.

H. P. White, for plaintiff in error.

Y. P. Broome, W. P. McGinnis, and J. C. Wilhoit, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff below, and the defendant in error was the defendant. The parties will be designated herein as plaintiff and defendant, as they appeared in the trial court.

On December 31, 1917, the plaintiff filed its petition in the district court of Osage county, seeking to recover possession of certain personal property described as:

"Seventy-six joints of two-inch black gas line pipe amounting to about 1,600 feet, one two-inch check valves, two 2-inch flange unions, and about six 2-inch elbows, all of the value of $350."

The allegations of the petition are the usual allegations in replevin suits. Replevin affidavit and bond were filed, writ issued and served, and redelivery bond filed by defendant, and the property returned to and retained in possession by defendant. Defendant's answer is a general denial.

The cause was tried to the court without a jury, resulting in a judgment for defendant. The plaintiff appeals and presents several assignments of error, all to the effect that the judgment is contrary to the law and the evidence, and the court erred in permitting defendant to introduce incompetent evidence.

We learn from the briefs that this is the second appeal of the case. The former appeal was by plaintiff, and the judgment of the trial court was reversed and remanded for a new trial. The opinion on the former appeal is reported in 91 Okla. 237, 217 Pac. 372.

The record presented discloses that plaintiff was the owner of certain oil and gas leases upon two quarter sections of land located in Osage county, not necessary to describe here. The land was tribal Indian lands, and the oil and gas leases were departmental leases under the control of the Department of the Interior. When plaintiff acquired the ownership of the leases there was a producing oil well on each lease. Plaintiff drilled five holes on one of the leases, four of which were producers of oil; and plaintiff equipped the lease to produce and conserve the oil. On the 18th day of June, 1917, the plaintiff and defendant entered into a written contract, in which the plaintiff as first party agreed to sell, and the defendant as second party to buy, the leases and equipment, subject to the approval of the Department of the Interior. In the contract so made the parties used this language:

"Whereas, party of the first part has agreed to sell and convey to party of the second part, subject to the approval of the Secretary of the Interior, two oil mining leases with the wells and equipment thereon, which leases cover lands situate in Osage county," etc.

Further along the plaintiff agreed to furnish abstract of title, "showing the title to said leases to be in the party of the first part free and clear from all and any liens or incumbrances of whatsoever nature, and sufficient evidence that all bills for labor and material on said premises or in connection therewith have been paid," etc; also, plaintiff agreed that the property should be free and clear of and discharged from "any and all judgments, mortgages, liens and incumbrances of every nature and kind, including all liens for taxes assessed against said leases, the leaseholds, equipment, gross production and other taxes." etc.

The assignment of the leases by plaintiff to defendant was approved by the Secretary of the Interior and delivered to and accepted by the defendant. In due course, pursuant to the contract above referred to between the parties, the whole property was turned over to defendant. Among other material upon the leases or upon one of them, was the bunch of line pipe and fixtures involved in this action. After the plaintiff had turned the property to the defendant, plaintiff sent drays to haul away the line pipe and fixtures described in plaintiff's petition. The defendant refused to permit the haulers to take the stuff away. and plaintiff brought this action in replevin for possession of the property.

In the former trial, the plaintiff, it seems, offered evidence tending to prove that the property in question was not "equipment" or "material" within the meaning of the contract: and that title to the property had not passed to the defendant under the contract. The trial court sustained defendant's demurrer to the plaintiff's evidence, in effect holding, as a matter of law, that the property involved was covered by the contract, and under the contract the title passed to defendant. The plaintiff appealed and the cause was reversed for a new trial, the court holding that whether or not the property was covered by the contract and sold to the defendant was a question of fact to be determined from the evidence.

Upon the second trial, the plaintiff offered

evidence by which it sought to prove that the property sued for was not "equipment" or "material" in the sense used in the contract, and was not covered by the contract, so that title did not pass to the defendant by the contract and assignment of the leases. The contract, by which the plaintiff sold and defendant bought the property, is in evidence. There are excerpts from the contract quoted above. In the first quotation the property is described as "two oil mining leases with the wells and equipment thereon, which leases cover lands", etc. This description of the property seems to mean the leases and the wells thereon and the equipment thereon. The proof showed that the property involved was on one of the leases and was the same character of equipment as was in use there. The plaintiff's evidence showed that the line pipe in question, with a great deal of other line pipe of the same character, was bought by plaintiff, moved onto the leases, and the wells all connected up with pipe of the kind in question, and the line pipe and other things here involved was left over for the time being, and was on the lease at the time the sale and purchase was made. In the contract it was agreed that "all bills for labor and material on said premises or in connection therewith had been paid." Thus, in one place the contract refers to "two oil mining leases * * * and equipment thereon"; and in another place to "material on said premises or in connection therewith"; and in still another place in the contract plaintiff warrants that the taxes of every nature have been paid on the "leases, the leaseholds, equipment," etc. The proof shows that representatives of defendant inspected the property before the contract was entered into; and it seems to be significant that no reservation of the property here involved was made in the contract or orally to the defendant's buyers. The trial judge found that the property involved here had not been put in use upon the leases, but he found from the contract and oral testimony that it is a part of the equipment and material on the leases and was included in and conveyed by the contract.

The plaintiff cites and relies upon the former opinion in this case, in which the learned Commissioner who wrote the opinion defined "equipment"; and insists that the definition excludes the property here involved. We do not so understand it. The effect of the former opinion is to hold that whether the property involved was included in the contract is a question of fact to be determined from evidence, rather than a matter of law. The trial court heard the evidence, and based thereon, found that title to the property involved passed to the defendant; and entered judgment accordingly. The finding and judgment are supported by the evidence and was not in conflict with the law as declared in the former opinion.

The plaintiff complains that the court erred in permitting the defendant to introduce immaterial testimony. The defendant put in the record the deposition of Frank Haskell, vice president of defendant company. His testimony is to the effect that the property in question is of the kind and character used on the leases and such as is usually and ordinarily used on oil and gas leases with oil wells thereon such as the leases sold to defendant. Plaintiff cites no authorities upon the proposition, and the argument presented is not convincing. We think the evidence admitted was both competent and material.

We have examined all the assignments of error presented by plaintiff, and have examined the record in the light of the former opinion handed down in this case. We find no error.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note:—See under (1) 4 C. J. p. 879, § 2853; 2 R. C. L. pp. 202-204; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 94, 5 R. C. L. Supp. 81. (2) 22 C. J. p. 1270, § 1687; 27 Cyc. p. 726. (3) 4 C. J. p. 1129, § 3122.