WESTERN BEAUTY SUPPLY CO. v. DUART SALES CO.

No. 30459. Jan. 19, 1943.

*133 P. 2d 202.*

G. G. Hilford, of Tulsa, for plaintiff in error.

First, Dewberry, Shidler & Bragg, of Tulsa, for defendant in error.

BAYLESS, J. Western Beauty Supply Company, a corporation, appeals to this court from a judgment of the court of common pleas of Tulsa county sustaining the demurrer of Duart Sales Company, a corporation, to the evidence of the appellant.

Duart instituted an action to recover a sum of money due on an open account from Western, and Western answered admitting the correctness of the account sued on but filed a cross-petition seeking damages for the alleged breach of the contract out of which the account arose. At the time of the trial, Western assumed the burden of proof and introduced proof in support of its cross-petition designed to show that it had an exclusive agency of dealership for the merchandise of Duart in Tulsa and its vicinity, and that Duart breached the contract and thereby caused damage to Western. At the conclusion of Western's testimony, Duart demurred thereto on the ground that it was insufficient to support a judgment in favor of Western, and the trial court sustained the demurrer on the ground that the contract attempted to be established by the evidence was too indefinite. In the briefs filed here the parties both treat the court's ruling as being based upon the lack of mutuality, although Duart states other legal objections to the sufficiency of the evidence.

We are of the opinion that the court erred in sustaining the demurrer. Briefly, the evidence introduced by Western showed that its officers met a representative of Duart at Oklahoma City late in February of 1936 and there entered into an oral arrangement whereby Western was to handle Duart's products

in Tulsa, that it was to have the exclusive representation in Tulsa, that the period for which the relation should exist was to be at least two years, that is concurrent with a two-year lease on an enlarged place of business. Western's evidence showed that following this and up until September of that year it handled Duart's products. Western's evidence discloses that in September of that year its officers attended a national convention held in Chicago by the people interested in this trade and at that time learned that Duart was in the course of making a sale of its products to another dealer in Tulsa. Thereupon the officer of Western met with the representatives of Duart and protested, and at that time Duart agreed to cancel the sale which it was about to make to another dealer in Tulsa conditioned upon Western increasing its purchases from Duart. Western's evidence is to the effect that it did agree to and at that time did buy an entire year's supply, except for anticipated fill-in orders thereafter, and paid therefor as filled, with the understanding that it should have the exclusive representation for Duart's merchandise in Tulsa until September of the following year. The record discloses that Western purchased more than the amount then agreed upon and paid for all of it except the balance of $172.59 sought herein. Western's testimony disclosed that sometime in 1937 it learned from its customers that Duart had breached the terms of the oral understanding by selling its merchandise to other wholesale dealers in the territory, and as a result thereof, or in any event, Western's sales of Duart's merchandise dropped off greatly and it was left with considerable unsold merchandise on hand. There was evidence tending to establish the amount and extent of the damage done, but since the court, in ruling on the demurrer, limited his rulings simply to the definiteness and mutuality of the contract, we express no opinion with respect to the other issue tended to be covered by Western's evidence.

We think that the evidence introduced by Western, as outlined above, was sufficient to establish an oral contract for one year at least, and to establish a breach thereof by Duart. Duart's argument that the agreement made in February of 1936 to cover a period of two years time is unenforceable in view of the statute of frauds loses its force when the evidence concerning the new arrangement made at Chicago in September 9, 1936, is taken into consideration. See Leisy Brewing Co. v. Schafer, 91 Okla. 105, 216 P. 109, and other cases to be found in American Digest (West), Contracts, Key No. 10 (4). In those cases the general rule is stated that where a contract is entered into and is substantially or wholly performed by one of the parties, the other party is deprived of the defense that the contract lack mutuality. Harlow Publishing Co. v. Patrick, 181 Okla. 83, 72 P. 2d 511, and other cases.

The judgment of the trial court sustaining the demurrer to the evidence of Western is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.