Claud HAWKINS, Plaintiff in Error,

v.

George Dewey McELHANON and Carrie McElhanon, Defendants in Error.

No. 37611.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Sept. 10, 1957.

Hulsey & Hulsey, McAlester, for plaintiff in error.

Layden & Layden, McAlester, for defendants in error.

PER CURIAM.

This action was commenced by plaintiff-payee to recover from defendant-promissors on a note secured by a mortgage on real estate. The defendants answered and alleged that there was a failure of consideration for the note; that there was fraud and misrepresentation by the plaintiff

in securing its execution; and that there was no indebtedness due, but rather that plaintiff had been overpaid in a stated amount. The answer also contained a general denial. The evidence disclosed that defendants purchased the premises described in the mortgage from the plaintiff; that the consideration for the sale was $1,000; that defendants paid $125 in cash and executed two notes for the balance due, one for $665 and the other for $210; that subsequently, as a consolidation or refinancing of the debt, the plaintiff prevailed on the defendants to execute a single note for $820, the amount he claimed they owed him at that time; that defendants made the periodic payments, as provided in the second note, until only eight of sixty installments remained unpaid; that defendants had paid substantial sums on the first two notes; that defendants had receipts for payments made to plaintiff; that defendants could neither read nor write. The action was originally tried in 1951 and that trial resulted in a verdict for the defendants, but upon plaintiff's motion a new trial was granted. The subsequent trial in 1956 resulted in the second verdict for defendants, upon which this judgment was rendered and from which plaintiff appeals.

Only those allegations of error urged in the briefs will be treated, the remainder being deemed waived. Chancellor v. Chancellor, 202 Okl. 389, 214 P.2d 261. The first proposition urged is that no cause of action for fraud was pleaded or proved by the defendants and therefore the plaintiff's objection to the sufficiency of the evidence should have been sustained. Initially, we observe that no pleading was filed questioning the adequacy of the defendant's answer and cross-petition. In the absence of challenge, there was an adequate statement of a defense and cross claim in the answer in addition to the stated defense of fraud. And as there was evidence tending to support the issues made by the answer, the motion for a directed verdict was properly overruled. Acacia Oil & Gas Co. v. Tidal Oil Co., 91 Okl. 237, 217 P. 372; Western Beauty Supply Co. v. Duart Sales

Co., 192 Okl. 6, 133 P.2d 202. Furthermore, plaintiff made no objection to the instructions of the court to the jury, thus waiving any error therein. Oklahoma Natural Gas Co. v. Walker, Okl., 269 P.2d 327.

Secondly, it is urged that the court erred in admitting in evidence the receipts for money paid on the two notes originally executed in payment of the real estate. This is an action between the original parties to the note and in which the defendants pleaded overpayment, as well as lack of consideration. As between the original parties to a note, the consideration therefor is always a proper subject of inquiry in the absence of estoppel, and a want or failure of consideration constitutes a good defense. Roberts v. Boydston, 186 Okl. 336, 97 P.2d 898. The question of estoppel was not urged in the trial court, nor by the pleading and brief filed in this court. By 48 O.S. 1951 § 75, the total or partial failure of consideration is a defense, and the receipts were properly admitted in evidence to support this plea. Holland Banking Co. v. Dicks, 67 Okl. 228, 170 P. 253.

Lastly, it is said that the court erred in refusing to accept the first verdict returned by the jury. The record reveals that the jury first returned into court with the following:

"We * * * find for the Defendants * * * and fix the amount of their recovery at $........ of Att fees & court cost and to the property involved and give him a release of *lein*."

The court thereupon, without objection by plaintiff, orally instructed the jury, in substance, that their verdict was not in proper form and that if they thought plaintiff had been overpaid they should state the amount in their verdict. He directed them to retire for further deliberation. The jury then returned into court with the verdict finding for the defendants in the amount of $100. In following this procedure the court did not err. The initial verdict was not in proper form and disregarded the court's instructions.

"It is one of the functions of the court to see that a trial is conducted properly and that verdicts are returned in accordance with its instructions; the court is not bound to receive a verdict based upon an obvious misapprehension of the instructions." West v. Abney, 203 Okl. 227, 219 P.2d 624.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commissioner J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.