**DEPENDENT SCHOOL DISTRICT NO. 13, OF ADAIR COUNTY, Oklahoma,**
Plaintiff,

v.

**Mac Q. WILLIAMSON, Attorney General of the State of Oklahoma and ex-officio Bond Commissioner of the State of Oklahoma,**
Defendant.

No. 38177.

Supreme Court of Oklahoma.

May 20, 1958.

George J. Fagin, Oklahoma City, for plaintiff.

Lynnie Clayton Spahn, Asst. Atty. Gen., for defendant.

James L. Homire, St. Louis, Mo., and Satterfield, Franklin & Harmon, Oklahoma City, for St. Louis-San Francisco Railway Company, Amici Curiae.

WILLIAMS, Justice.

This is an original action for a writ of mandamus, filed by Dependent School District No. 13 of Adair County, Oklahoma, hereinafter referred to as plaintiff, against Mac Q. Williamson, Attorney General and ex officio bond commissioner of the State of Oklahoma, to require the approval of a certain bond issue.

Defendant declined to approve the $1,000 transportation equipment bonds of plaintiff, bearing date of October 1, 1957, on the grounds that they were in excess of the constitutional limitation of 5% of the assessed valuation of the property of the district and that section 26, article X, Oklahoma Constitution, as amended, is silent as to whether transportation equipment bonds may be issued in excess of the 5% debt limit.

It is stipulated and agreed that the sole question for determination by this court is whether a school district of this state, in issuing transportation equipment bonds, may issue the same in an amount, which when added to existing indebtedness exceeds 5% but does not exceed 10% of the valuation of the taxable property within the district, under the provisions of section 26, article X of the Constitution, as amended by vote of the people on April 5, 1955. It is further stipulated and agreed that if the word "equipment", as used in section 26, article X of the Constitution, as amended, includes transportation equipment, then the issue of bonds in question is constitutional and the writ should issue but that if the word "equipment", as used in such constitutional provision, does not include transportation equipment, then such writ should be denied.

Section 26, article X of the Constitution, as amended, was submitted to a vote of the people by the regular session of the Twenty-fifth Legislature of the State of Oklahoma, and was adopted at a special election held on April 5, 1955. Such section, as amended and adopted at such special election, reads as follows:

"Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five per centum (5%) of the valuation of the taxable property therein, to be ascertained from the last assessment for State and county purposes previous to the incurring of such indebtedness; Provided, that if a school district has an absolute need therefor, such district may, with the assent of three-fifths of the voters thereof voting at an election to be held for that purpose, incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding five per centum (5%) but not exceeding ten per centum (10%) of the valuation of the taxable property therein, to be ascertained from the last assessment for State and county purposes previous to the incurring of such indebtedness, for the purpose of acquiring or improving school sites, constructing, repairing, remodeling or equipping buildings, or acquiring school furniture, fixtures or equipment; and such assent to such indebtedness shall be deemed to be a sufficient showing of such absolute need, unless otherwise provided by law. Provided, further, that any county, city, town, school district, or other political corporation, or subdivision of the State, incurring any indebtedness requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness.

as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five (25) years from the time of contracting the same, and provided further that nothing in this Section shall prevent any school district from contracting with certificated personnel for periods extending one (1) year beyond the current fiscal year, under such conditions and limitations as shall be prescribed by law."

The same session of the legislature which submitted the constitutional provision above quoted to a vote of the electors, passed the following statute, now found at 70 O.S. Supp.1955, § 15–6, which reads in part as follows:

"Any school district that is authorized by law to provide transportation for pupils to and from school may become indebted for the purpose of purchasing transportation equipment and may issue its bonds, as hereinbefore provided, in any amount not exceeding, with existing indebtedness, ten per cent (10%) of the valuation of the taxable property within the said school district, as shown by the last preceding assessment for State and county purposes previous to the incurring of such indebtedness. Provided, that said bonds shall be made to mature within a period not to exceed five (5) years from their date. * * *"

We are of the opinion that the statute above quoted in part, 70 O.S.Supp.1955, § 15–6, is not in conflict with the constitutional provision above quoted, sec. 26, art. 10, as amended. The word "equipment" is a very broad and general term. Acacia Oil & Gas Co. v. Tidal Oil Co., 91 Okl. 237, 217 P. 372. In Kercher v. City of Conneaut, 76 Ohio App. 491, 65 N.E.2d 272, the word "equipment" is described as an exceedingly elastic term, the meaning depending upon the context. In Polliak v. Smith, 19 N.J.Super. 365, 88 A.2d 351, the term "equipment" is defined as the act or process of equipping with all needful supplies for any special service. In the opinion in Dor-

sett v. State ex rel. Price, 144 Okl. 33, 289 P. 298, this court said that automobiles are comprehended within the terms "equipment" and "Machinery", as well as in the term "vehicles", and cited numerous authorities in support of such assertion.

We therefore hold that "school transportation equipment" is included within the meaning of the word "equipment" as same appears in Section 26 of Article X of the Constitution as so amended.

Plaintiff is entitled to the writ of mandamus as prayed, and it is accordingly granted.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.