HOSPITALS — COMPETITIVE BIDDING A hospital authority, a public trust created under the provisions of 60 O.S. 176 [60-176] (1971), et seq., is required to purchase equipment such as chairs, tables, files, desks, typewriters, and adding machines pursuant to competitive bidding. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Is a hospital authority, a public trust created under the provisions of 60 O.S. 176 [60-176] (1971), et seq., required to purchase equipment such as chairs, tables, files, desks, typewriters, and adding machines pursuant to competitive bidding? Title 60 O.S. 176 [60-176](d) (1971) provides: "Contracts for construction, labor, equipment, material or repairs in excess of Two Thousand Dollars ($2, 000.00) shall be awarded by public trusts to the lowest and best competitive bidder, pursuant to public invitation to bid, which shall be published in the manner provided in the preceding section hereof; such advertisements shall appear in the county where the work, or the major part of it, is to be done, or the equipment or materials are to be delivered or the services are to be rendered. Provided, however, should the trustee or the trustees find that an immediate emergency exists, which findings shall be entered in the journal of the trust proceedings, by reason of which an immediate outlay of trust funds in an amount exceeding Two Thousand Dollars ($2,000.00) is necessary in order to avoid loss of life, substantial damage to property, or damage to the public peace or safety, then such contracts may be made and entered into without public notice or competitive bids; provided that the provisions of this subsection shall not apply to contracts of industrial and cultural trusts." (Emphasis added) In 1974 the Legislature enacted the Public Competitive Bidding Act of 1974, 61 O.S. 101 [61-101] (1974), et seq. Section 102 of the Act was amended in 1975 to provide: "3. 'Public agency' means the State of Oklahoma, and any county, city, town, school district or other political subdivision of the state, any public trust, any public entity specifically created by the statutes of the State of Oklahoma or as a result of statutory authorization therefor, and any department, agency, board, bureau, commission, committee or authority of any of the foregoing public entities; "4. 'Public construction contract' or 'contract' means any contract, exceeding Two Thousand Five Hundred Dollars ($2,500.00) in amount, awarded by any public agency for the purpose of making any public improvements or constructing any public building or making repairs to the same; and "5. 'Public improvement' means any beneficial or valuable change or addition, betterment, enhancement or amelioration of or upon any real property, or interest therein, belonging to a public agency, intended to enhance its value, beauty or utility or to adopt it to new or further purposes. The term does not include the direct purchase of materials, equipment or supplies by a public agency." (Emphasis added) Although public trusts are generally subject to the provisions of the Act, it is apparent that the type of equipment the hospital authority desires to purchase would be exempt from the Act. Said equipment would fall within the definition of public improvements which exempts the "direct purchase of materials, equipment or supplies by a public agency". However, Section 133 of the Act provides: "If a statute, charter OF general ordinance provides more stringent standards or procedures than those provided by this Act, then the statute, charter or general ordinance shall prevail." A reading of the competitive bidding provisions of Section 60 O.S. 176 [60-176] indicates that those provisions require more stringent standards. While it not only requires competitive bidding on contracts in excess of Two Thousand Dollars ($2,000.00), whereas the Public Competitive Bidding Act requires competitive bidding on contracts exceeding Two Thousand Five Hundred Dollars ($2,500.00), Section 176 requires competitive bidding on contracts for equipment. Equipment was defined by the Court in Acacia Oil Gas Co. v. Tidal Oil Co.,91 Okl. 237, 217 P. 372: "The word 'equipment' is a very broad and general term, . . . Bouvier's Law Dictionary defines 'equipment' to be furnishings for the required purpose." Title 74 O.S. 85.2 [74-85.2](5) (1971) of the Oklahoma Central Purchasing Act defines equipment as: ". . . all personal property acquired by a state agency for its use which is in the nature of a tool, device or machine and shall be deemed to include all personal property used or consumed by a state agency and not included within the category of materials or supplies." Materials and supplies are defined by said Act to be all property except real property acquired by a state agency for its use or consumption, except equipment. Title 25 O.S. 2 [25-2] (1971) provides: "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." The use of the word "equipment" in Section 60 O.S. 176 [60-176] does not indicate any intent that its meaning is different than that expressed in Section 2 above. It is apparent from the above that the Legislature intended the purchase of items such as chairs, tables, files, desks, typewriters and adding machines to be competitively bid. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A hospital authority, a public trust created under the provisions of 60 O.S. 176 [60-176] (1971), et seq., is required to purchase equipment such as chairs, tables, files, desks, typewriters, and adding machines pursuant to competitive bidding. (Mike D. Martin)