SCHOOLS
Bond revenues derived under the provisions of 70 O.S. 15-106 [70-15-106] (1971), supplementing the provisions of Article X, Section 26, Oklahoma Constitution, may only be used for the purpose of purchasing or acquiring school district transportation equipment and such funds may not be used for the purpose of maintaining or repairing existing transportation equipment. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Does the language of Article X, Section 26, Constitution of the State of Oklahoma, act as an absolute bar to utilizing transportation bond monies raised under the provisions of 70 O.S. 15 [70-15] — specifically 70 O.S. 15-106 [70-15-106] (1971) — for the purpose of maintaining and repairing transportation equipment, and if such utilization of the funds is not absolutely prohibited, under what circumstances may the monies be so used ?" Article X, Section 26, Oklahoma Constitution, provides, in part: "Except as herein otherwise provided, no county, city or town, township, school district or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor, in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five percent (5%) of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness: Provided, that if a school district has an absolute need therefor, such district may, with the assent of three-fifths of the voters thereof voting at an election to be held for that purpose, incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding five percent (5%) but not exceeding ten percent (10%) of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness, for the purpose of acquiring or improving school sites, constructing, repairing, remodeling or equipping buildings, or acquiring school furniture, fixtures or equipment; and such assent to such indebtedness shall be deemed to be a sufficient showing of such absolute need, unless otherwise provided by law." (Emphasis added) Title 70 O.S. 15-106 [70-15-106] (1971) provides: "Any school district that is authorized by law to provide transportation for pupils to and from school may become indebted for the purpose of purchasing transportation equipment, and may issue its bonds, as hereinbefore provided, in any amount not exceeding, with existing indebtedness, ten percent (10%) of the valuation of the taxable property within said school district, as shown by the last preceding assessment for state and county purposes previous to the incurring of such indebtedness. Provided, that said bonds shall be made to mature within a period not to exceed five (5) years from their date. It is hereby declared that the use of the word 'equipment' in Article X, Section 26, of the Oklahoma Constitution, as amended on April 5, 1955, was intended to include the 'transportation equipment' referred to in this section." (Emphasis added) As noted in the case of Dependent School District No. 13 v. Williamson, Okl.,325 P.2d 1045 (1958), Article X, Section 26, above quoted, was submitted to a vote of the people by the regular session of the Twenty-fifth Legislature and was adopted at a special election held on April 5, 1955. The same Legislature passed the provisions of 70 O.S. 15-6 [70-15-6] (1955), the statutory predecessor to 70 O.S. 15-106 [70-15-106] (1971), above quoted. The Williamson case, supra, held that the phrase "school transportation equipment" was included within the meaning of the word "equipment" appearing within Article X, Section 26 supra. An authorized extraordinary indebtedness, payment of which is secured through the issuance and sale of revenue bonds, may only be incurred for a lawfully designated purpose. As noted in a recent opinion from this office, Opinion No. 76-145, issued March 25, 1976, to the Honorable Mendell L. Matheson, State Representative: "A school board may issue school bonds for a more specific purpose or project than those enumerated in Article X, Section 26 of the Constitution, provided the specific purpose falls within the general purposes provided by law." Accordingly, the only legal question which must be addressed is whether the constitutional and statutory provision authorizing such indebtedness for the purpose of "acquiring school . . . equipment" and "purchasing transportation equipment" (respectively) extends to authorizing such indebtedness for maintaining and repairing transportation equipment. In the case of School District No. 6, Chase County v. Robb, 93 P.2d 905 (1939), the Supreme Court of Kansas was called upon to resolve an issue quite similar to the question subject herein. The Kansas statute authorized school districts to issue bonds "for the purpose of erecting and equipping, or purchasing and equipping, one or more school houses in and for any school district . . ." Under this purported authority, a Kansas district sought to issue bonds to make repairs to an existing school house unit. The bond proposal was submitted as having for its purpose "equipping the present school house with necessary heating and electrical equipment and erecting and constructing a new roof thereon in and for said district . . ." In this case, the Kansas Supreme Court first acknowledged the legal distinction between the constructing of public improvements and the maintenance or repair of improvements, and in so noting, stated: "It appears that courts of other jurisdictions have seen fit to draw a distinction between the erection of public improvements and the maintenance or repairs of them, insofar as use of monies from bond issues is concerned." (at 93 P.2d 905, 907) . The Court in this case went on to hold that the subject work was that of repairing the existing school house structure and would not therefore fall within the statutory authorization of issuing revenue bonds for the purpose of erecting and equipping or purchasing and equipping one or more school houses. In light of the legal reasoning of the Kansas court in Robb, supra, which reasoning we find to be generally applicable and persuasive with respect to the instant question, and based upon a plain reading of Article X, Section 26, Oklahoma Constitution and 70 O.S. 15-106 [70-15-106] (1971), it would appear that the respective authority for the issuance of bonds by a school district only extends to indebtedness sustained for the purpose of purchasing (or acquiring) school transportation equipment and does not extend so as to authorize the utilization of funds, so derived, for the purpose of repairing or maintaining existing transportation equipment. Accordingly, the first portion of your question must be answered in the affirmative. Based upon this conclusion, the second portion of your question requires no answer. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Bond revenues derived under the provisions of 70 O.S 15-106 (1971), supplementing the provisions of Article X, Section 26, Oklahoma Constitution, may only be used for the purpose of purchasing or acquiring school district transportation equipment and such funds may not be used for the purpose of maintaining or repairing existing transportation equipment. (R. THOMAS LAY)