# LEACH v. HEPLER.

No. 1405.  Opinion Filed May 14, 1912.

(124 Pac. 68.)

1.  **NEGLIGENCE—Civil Liability.** In an action for damages for setting out fire, where the evidence clearly shows such fire was not set for the purpose of burning off any prairie, marsh, woodlands, or stubble lands, but was merely for the purpose of burning brush heaps, or trash piles ahead of the plowing, the defendant is not liable in a civil action for damages resulting therefrom, under sections 1-6, inclusive, of chapter 37 of the Statutes of 1890, but, if at all, is liable under section 6 of such act.

    And, where there is no dispute or issue as to whether the fire was extinguished on the day on which it was set, as provided in such section, and the evidence shows that such fire got beyond control in the daytime, while such brush heaps were being burned, the material issue fixing defendant's liability is whether such fire spread beyond control through the willfulness, carelessness, or negligence of defendant.

2.  **TRIAL — Instructions — Evidence.** In an action for damages, where an issue of contributory negligence is raised by the pleadings, and there are circumstances justifying a determination of such issue by the jury, it is error to refuse an instruction on such issue.

(Syllabus by Harrison, C.)

*Error from District Court, Oklahoma County;*
*R. H. Loofbourrow, Judge*

Action by William Hepler against A. D. Leach. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Grant Stanley* and *Ledru Guthrie,* for plaintiff in error.

*M. Fulton,* for defendant in error.

Opinion by HARRISON, C. This suit was for damages alleged to have resulted from negligence and failure to comply with the statutes in putting out fire. Plaintiff, Hepler, and defendant, Leach, lived on adjoining farms; Leach living on his own, or his wife's farm, and Hepler living as a tenant on an adjoining farm. In February, 1906, Leach, having some negro tenants on his farm, authorized them to clear off a certain strip of land lying along the section line between the Leach farm and the farm on which Hepler lived. The testimony is conflicting as to whether the negro tenants had the strip in question leased and were acting for themselves, or whether they were clearing same for Leach and acting under his direction. The strip of land in question, as the testimony shows, had considerable shrubbery and running oak brush on it, which it was necessary to burn off, in order to prepare the land for cultivation. The negroes, in clearing off the land, cut and grubbed the brush, and raked it into piles and burned it. In doing so, the fire got out, traveling through the low grass and leaves on the land in question, until it got into the woods beyond. The wind being high, it leaped the road and got over onto the Hepler place, burning up his grass, haystacks, farm implements, house, and household goods.

Plaintiff charged defendant with negligence in putting out such fire, or causing the same to be put out, and that the losses sustained, which losses were set out in itemized exhibits in the petition, were the proximate result of defendant's negligence in putting out the fire, and in his failure to give the statutory notice of the time and place he intended to put out such fire, and prayed judgment for $1,714.30.

Defendant's answer was in effect a general denial of the allegations in the petition; but during the trial, by leave of court,

defendant amended his answer, charging contributory negligence on the part of plaintiff in the burning of the house. The testimony developed the fact that a part of the goods lost were not the property of plaintiff, but the property of other parties, some of his relatives, and that plaintiff had bought their claims and included all in the one suit. The court excluded all such property as was not proved to be the property of the plaintiff. The property which the testimony showed plaintiff to have lost was set out in a separate exhibit; and the court instructed that if the jury found for plaintiff they should not find in excess of such exhibit. The jury returned a verdict for $900; such verdict being $377.90 in excess of plaintiff's exhibit of loss. Whereupon plaintiff filed a *remittitur* for such excess, and, after motion for a new trial had been presented and overruled, the court rendered judgment upon the verdict, less the amount remitted by plaintiff; the judgment being for $522.10. From which judgment and order overruling motion for a new trial, defendant (plaintiff in error) appeals.

There are two propositions presented by plaintiff in error: First, the insufficiency of the evidence on the theory on which the case was tried and the statutes under which the action was brought. Second, the refusal of the court to instruct on the question of contributory negligence.

The action was brought under chapter 37 of the act of 1890, entitled "An act to regulate prairie fires." Section 1 of this act, in substance, provides that if any person shall set or cause to be set on fire any woods, marsh, or prairie, or any grass or stubble lands, except as provided in such act, they shall be guilty of a misdemeanor, and, in addition, shall be liable in a civil action for such damages as are caused by the fire.

Section 2 of such act provides that, for the purpose of preparing land for cultivation, persons may set fire on grass or stubble land, but that they must first give at least twelve hours' notice to all persons living on adjoining lands of the time and place such fire is to be set; and providing further that before such fire is set there shall be a strip, at least twenty feet in

width, either plowed or burned, so as to completely encompass the land to be burned.

Section 3 provides that persons setting out fire under the provisions of section 2 shall be liable in a civil action for all damages done by such fire, if it should get beyond their control, although the person putting out such fire was without fault or negligence; or, if it be intentionally permitted to spread beyond such strip of land, then the person setting out the fire shall be liable both civilly and criminally.

Section 4 provides that fire put out under provisions of section 2 shall be subdued and extinguished on the same day on which it is set.

Section 5 provides that persons violating the provisions of section 4 (that is, failing to subdue and extingish fire on the day on which it is set) shall be liable in a civil action to any person for the damage sustained by such fire to the amount of such damages; and, in case of willful, malicious, or intentional violation of the provisions of section 4, they shall be liable both civilly and criminally.

These are the provisions of statute under which this cause was tried. The evidence clearly shows that the action does not lie under these provisions. It shows that the fire in question was not put out for the purpose of burning off the tract of land in question, or for the purpose of burning any prairie or grass land, or for the purpose of burning any woodland; but it shows uncontrovertibly that only the little brush on such land was being grubbed and raked into heaps, and burned for the purpose of getting the brush out of the way, and without any intention to burn over the entire ground. This circumstance would present the case under a wholly different theory to the one under which it was tried; the object of the statute above being to prevent, without notice, the burning of stubble lands, marsh lands, and woodlands, far more dangerous than the mere burning of brush heaps on a tract of land not covered with wood and leaves or high prairie grass. Under the statutes under which the case was tried and the jury instructed, the mere fact of putting out the

fire, without first having given the notice required by statute, and plowing and burning the fire guards required by statute, constitutes such violation in itself as renders the person liable in a civil action.  In other words, negligence would be presumed from a failure to comply with the statute.  Such statutes, we do not think, were intended to prevent the mere burning of little trash piles, or brush piles, on one's premises, without giving the notice and burning or plowing the fire guards required.

This character of fires is contemplated and provided for in section 6 of said act, which, among other things, provides that if any person or persons having made any camp or other fire shall leave the said fire, without having thoroughly extinguished the same, so that the fire shall spread and burn any wood, marsh, or prairie, the person or persons guilty of setting or causing to be set such fire, or leaving such camp or other fire, without having thoroughly extinguished the same, so that the fire shall not spread therefrom, shall be deemed guilty of a misdemeanor, punishable by fine or imprisonment, or both, and also be liable in a civil action for damages.

The plaintiff herein would be liable, if at all, under the foregoing section of statute.  This statute is plainly intended to cover all cases of fires not mention in section 2, and to provide against an accidental spreading of such fires, or the spreading of same for any reason.  It provides a penalty for failure to thoroughly extinguish same on the day on which they are put out.  In the case at bar, there is no issue as to whether the fire in question was extinguished by the defendant on the day it was put out.  The only question here is whether such fire was willfully, intentionally, or carelessly allowed to spread and get beyond control, and thus do the damage alleged.  The evidence shows that such fire got beyond control during the day and before the time at which, by provision of law, defendant would have been required to extinguish same.  It appears from the testimony that while these tenants were burning the brush heaps a very high wind arose, which blew the fire away from the burning brush heaps, causing it to spread in this wise.  Under this state

of facts, the material issue to be tried by the jury and to be instructed on by the court was the question of negligence, willfulness, or carelessness in the management of the fire on that particular day. This issue, in this light, was not properly presented to the jury.

The next contention is that the court erred in refusing to instruct the jury on the question of contributory negligence, and in refusing to give the instruction offered by defendant on this issue. As this issue was raised by the pleadings, by leave of court, after the facts began to be developed by the testimony, and as there were circumstances which justified a determination of this issue, we think it was error not to submit it to the jury.

For the reasons here given, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.