## GERMAN-AMERICAN BANK OF BLACKBURN et al. v. RUSH et al.

No. 8418—Opinion Filed March 12, 1918.

(171 Pac. 713.)

(Syllabus.)

**Appeal and Error — Overruling of Demurrer to Evidence — Verdict — Affirmance.**

In an action for damages for breach of contract, where it appears the evidence reasonably tends to support the allegations of the petition and to sustain the plaintiff's theory, the judgment of the lower court in overruling a demurrer to the evidence will not be reversed; and, there being a conflict in the evidence on the issues properly submitted to the jury, the judgment based upon the verdict will not be set aside by this court.

Error from County Court, Pawnee County; George E. Merritt, Judge.

Action by J. J. Rush and others against the German-American Bank of Blackburn and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

McNeill & McNeill, for plaintiffs in error.

McCollum & McCollum, for defendants in error.

OWEN, J. This proceeding is presented to reverse the judgment of the county court of Pawnee county, rendered in an action brought by the defendants in error against the plaintiffs in error for damages sustained by the breach of a contract, under the terms of which, it was alleged, plaintiffs in error were to return to defendants in error certain personal property taken under a chattel mortgage.

The assignments of error are to the action of the court in overruling a demurrer to the evidence of the plaintiffs below and to the sufficiency of the evidence to support the judgment. The controversy was whether the defendants had a right to retain possession of one of the mules, described in the mortgage, in satisfaction of court costs accrued in another lawsuit, and until one of the plaintiffs signed another deed. It was admitted by Poos, acting for himself and for the bank, that he had retained the mule for that purpose. The testimony on this point was conflicting, it being the contention of the plaintiffs below that all the chattels were to be returned to them upon the delivery of a certain deed, and that their part of the contract had been fully complied with. We have examined the evidence as it appears in the case-made, and there was sufficient competent evidence sustaining this contention to require the case to be submitted to the jury.

The issues were submitted under instructions requested by the defendants.

There being competent evidence reasonably tending to support the verdict, under the settled rule in actions of this character, the judgment of the lower court will be affirmed.

All the Justices concur.