**FREEMAN v. VANDRUFF et al.**

No. 17392.    Opinion Filed Sept. 13, 1927.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict on Conflicting Evidence—Negligence in Setting Fires.**

Where the evidence shows that defendant caused dry weeds to be set on fire on an extremely windy day on his own premises and within about 100 yards of plaintiff's pasture where there was a good coat of standing dry prairie grass, and said fire got beyond control and spread upon plaintiff's pasture and destroyed his grass and hay, such evidence is sufficient on the question of negligence to withstand a demurrer; and even though such evidence is contradicted by defendant's evidence. it is sufficient to go to the jury, and a verdict based thereon will not be set aside on appeal.

2. **Evidence —Admission of Liability—Offer of Compromise Distinguished.**

An offer of compromise is an offer to amicably settle a dispute or difference for the purpose of avoiding a lawsuit and without admitting liability. But a statement by a party that he feels that he ought to pay a claim and would pay it without reference to a compromise settlement is admissible in evidence as tending to prove an admission of liability.

3. **Instructions Approved.**

Instructions examined, and held, to correctly state the law of the case.

**4. Trial—Refusal of Requested Instructions —Sufficiency of Charge.**

The refusal to give a requested instruction, although it may correctly state the law, does not constitute error if the law applicable to the facts involved is fully covered by the court's general instructions.

**5. Appeal and Error—Assignment of Errors —Necessity.**

The Supreme Court will not review an alleged error unless the error complained of is assigned as such by the petition in error.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by T. C. Vandruff and Mat Davis against Mark Freeman for damage to hay and grass caused by fire. Judgment for plaintiffs, and defendant appeals. Affirmed.

Carter & Murray, for plaintiff in error.

D. E. Johnson, for defendant in error.

JEFFREY, C. This was originally two separate actions commenced in the justice of the peace court in and for the town of Fairfax; one by defendants in error, T. C. Vandruff and Mat Davis, herein called plaintiffs, against Mark Freeman, defendant, for the sum of $75 damages alleged to have been caused by the negligent burning of plaintiff's stacks of hay; the other by T. C. Vandruff against Mark Freeman for $200 for the loss of about 1,500 acres of standing dry grass, alleged to have been caused by fire negligently set out by defendant and his employee. The two cases were tried separately in the justice of the peace court, and judgment rendered in each case in favor of plaintiffs and against the defendant for the amounts claimed. Thereupon defendant, Mark Freeman, appealed both cases to the district court of Osage county, Okla., and were respectively numbered 8743 and 8744. Both suits involved the same facts, in that the hay and grass were destroyed at the same time by the same fire. At the time of trial in the district court, on agreement of counsel for both parties, the court ordered the two causes consolidated and tried at the same time. Under the instruction of the court, the jury returned separate verdicts in each case. The verdict in the first case was in favor of plaintiffs, T. C. Vandruff and Mat Davis, and against Mark Freeman, defendant, in the sum of $75, and in the second case in favor of T. C. Vandruff, plaintiff, and against Mark Freeman, defendant, in the sum of $200. Thereafter judgment was rendered pursuant to the verdicts of the jury, and from said judgment and the over-ruling of motions for new trial, the defendant, Mark Freeman, has appealed to this court.

The facts as disclosed by the pleadings and evidence are substantially as follows: Plaintiff Vandruff owned a ranch about ten miles west of Fairfax in Osage county. Plaintiff Mat Davis was a tenant on a portion of said ranch and owned jointly with Vandruff several stacks of prairie hay located on said ranch. Defendant owned a farm and ranch immediately joining Vandruff's ranch, on the west. Sometime during January, 1923, defendant employed one From Johnson to clean up the farm land and commence preparing his land for cultivation. The exact time that Johnson began work for defendant and the exact time of the fire is in dispute, but the exact date is immaterial to a determination of the questions before us. The evidence discloses that Johnson raked together some dry weeds on a small field on the Freeman place, and within about 100 yards of Vandruff's grass land, and set them on fire; that from this fire, fire spread to Vandruff's pasture land, where he had preserved the dry grass for grazing during the winter months. The fire completely destroyed about 1,500 acres of dry grass, and two or three stacks of prairie hay claimed jointly by both plaintiffs.

Defendant has not strictly complied with rule 25 of this court, in that his assignments of error are not separately and orderly set out and argued in his brief. No complaint is made of the manner of arrangement of said brief, and we shall endeavor to separately consider each of the propositions argued in said brief.

It is first argued that the court erred in overruling defendant's demurrer to the evidence of plaintiff, and in overruling defendant's motion for a directed verdict at the close of all the testimony. For the purpose of the motion and demurrer, all of plaintiff's evidence must be taken as true and considered in the most favorable light. Considering plaintiff's evidence in this light, is there any evidence which will support a finding in favor of plaintiffs? It was held in the case of Leach v. Hepler, 32 Okla. 729, 124 Pac. 68, that the provisions of article 14, ch. 20, C. O. S. 1921, making it unnecessary to allege and prove negligence, were not applicable where damage was caused an adjacent property owner by reason of burning trash piles or brush heaps which burning did not extend over the daytime and into the night. It was also held in that case that the rules of negligence were applicable as in

other cases for actionable negligence. This case was tried upon the theory of negligence, and correctly so. Then we must inquire, Does the evidence disclose any negligent acts in the setting of the fire by defendant's employee, or any negligence in his failure to prevent the fire from spreading upon plaintiff's premises; and was there any evidence which reasonably tended to show that plaintiff's loss was the proximate result of defendant's negligent acts or omission? Plaintiff's evidence is clear and certain that From Johnson was working for defendant at the time of the fire; that he set some weeds on fire while cleaning up defendant's ground within approximately 100 yards from plaintiff's pasture land, on which there was a good coat of dry prairie grass. The evidence is further clear and convincing that Johnson started the fire on an extremely windy day during January, 1923; and that both Johnson and the defendant stated that Johnson let the fire get away from him and onto plaintiff's premises. It is common knowledge that the use of fire in fields and pasture land during the winter months, and especially on an extremely windy day, is very hazardous. Some argument is advanced that the high wind constitutes an independent and intervening cause, and breaks the causal connection between the setting of the fire and the resulting damages. We appreciate the fact that some courts have held so, where a strong wind arises or the wind changes during the progress of the fire. That question need not be discussed here for the reason that the evidence does not disclose that the wind arose during the progress of the fire, but the evidence is that it was an extremely windy day and that the fire was set on that day.

Where there is some evidence reasonably tending to support the allegations of the petition and plaintiff's theory, the judgment of the trial court in overruling a demurrer to plaintiff's evidence will not be reversed. German-American Bank of Blackburn v. Rush, 68 Okla. 56, 171 Pac. 713; Acacia Oil & Gas Co. v. Tidal Oil Co., 91 Okla. 237, 217 Pac. 372; Forry v. Brophy et al., 116 Okla. 99, 243 Pac. 506. The same rule applies where a motion for instructed verdict is overruled. This court will not weigh the evidence, but will examine the record, and if there is any competent evidence which tends to support the verdict, the same will not be disturbed. Gulf, C. & S. F. Ry. Co. v. Harpole, 111 Okla. 301, 239 Pac. 609. We think there is ample evidence of negligence to take the case to the jury, and that the court properly overruled the demurrer to the evidence and the motion for an instructed verdict.

Defendant complains of the admission of certain evidence over his objection. Plaintiff Davis, while testifying as a witness, was asked if the defendant said anything to him about settling for the hay that was burned. To this an objection was made and overruled by the court. The witness answered that the defendant said he would pay for the hay. The witness again in that connection said that defendant stated that he felt like he ought to pay for the hay and would pay for it, but that plaintiff Vandruff wanted too much for his grass; and that he would not pay for the hay until he could settle for the grass. Defendant's objection to the admission of this testimony was that the statements of defendant constituted an offer of compromise. A compromise is an agreement between two or more persons to amicably settle their dispute or difference on such terms as they may be able to agree for the purpose of avoiding a lawsuit. The statements of defendant, as related by witness Davis, do not amount to an offer to compromise. Such statements are admissible as tending to prove an admission of liability. In so far as this witness's testimony goes, there is not a suggestion of compromise and no denial of liability. City of Anadarko v. Argo, 35 Okla. 115, 128 Pac. 500; Freeman v. Eldridge, 26 Okla. 601, 110 Pac. 1057; Cherry Bros. Trading Co. v. Rock Island Implement Co., 89 Okla. 201, 214 Pac. 559.

The third complaint is that the court erred in overruling defendant's challenge for cause of the juror, Fred Gaddie. Counsel for defendant in error in his reply brief admits that this does not constitute reversible error, and we will consider the said assignment as waived, and give no further attention to it. The fourth proposition urged by defendant is that the court erred in giving instructions Nos. 4 and 5, and in refusing to give defendant's requested instructions Nos. 1, 2 and 6. Instruction No. 4 given by the court and excepted to by the defendant is as follows:

"If you find from a fair preponderance of the evidence that during the month of January, 1923, the defendant, Mark Freeman, through his agents and employees, carelessly and negligently set out a fire, which destroyed the hay owned by the plaintiffs T. C. Vandruff and Mat Davis, and that as a result thereof, said hay was destroyed, then and in that event it would be your duty as trial jurors to return a verdict in case No. 8743 for the plaintiffs in such sum as you find from the evidence will compensate them

for the loss sustained, in no event to exceed the sum of $75. Unless you should so find, your verdict should be for the defendant in this case. Defendant excepts and allowed. Jesse J. Worten, Judge."

Instruction No. 5, given by the court and excepted to by the defendant, is identical with instruction No. 4, except it covers cause No. 8744 while No. 4 covers cause No. 8743. Counsel does not direct our attention to any particular vice in either of these instructions, but seems to complain that they do not cover defendant's theory of the case. We think the instructions complained of correctly state the law and are unable to see wherein they are objectionable.

By defendant's requested instruction No. 1 the court was asked to instruct the jury that an accident may happen, and damages result therefrom without any negligence on the part of any one; and that if the jury found that the burning of the property was accidental or unavoidable, their verdict should be for the defendant. Requested instruction No. 2 deals with the nature of the proof necessary to establish negligence. Requested instruction No. 6 merely requires the finding of negligence on the part of defendant, and further that such negligent acts were the proximate cause of the damage complained of. Without discussing whether these requested instructions correctly state the law, but assuming that they do, we see no error in refusing to give them since the general instructions given by the court correctly cover all phases of the case. Chicago, R. I. & P. Railway Co. v. Carden, 46 Okla. 557, 149 Pac. 127. The court in its general charge very correctly instructed the jury on the question of negligence and proximate cause including a definition thereof and of actionable negligence, and that before plaintiffs could recover they must prove by a preponderance of the evidence that the defendant or his employee carelessly or negligently set out the fire or carelessly or negligently permitted the fire to escape on to plaintiff's premises

Defendant, in his brief, complains about the giving of an oral instruction to the jury at the time the jury was ready to retire. This error, if such, is not assigned as error in the petition in error, and will not be considered. The Supreme Court will not review an alleged error, unless the error complained of is assigned by the petition in error. Southwestern Cotton Seed Oil Co. v. Bank of Stroud, 12 Okla. 168, 70 Pac. 205; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738.

We find no error in the record, and the judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners. concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 859, §2836; 29 Cyc. p. 636. (2) 12 C. J. p. 314, §1; 22 C. J. pp. 312, 313, §347. (3) 29 Cyc. p. 461. (4) 38 Cyc. p. 1711; 14 R. C. L. p. 752; 3 R C. L. Supp p. 275; 4 R. C. L. Supp. p. 916; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp p. 289. (5) 3 C. J. p. 1330, §1462.