Henry **SCHMEET**, Plaintiff and Respondent,

v.

Otto **SCHUMACHER**, Defendant and Appellant.

No. 8179.

Supreme Court of North Dakota.

Nov. 2, 1965.

Drey & Tuntland, Garrison, for appellant.

Williams & Lindell, Washburn, for respondent.

TEIGEN, Judge.

This action was brought for the recovery of damages caused by defendant negligently setting a stubble fire which escaped and burned plaintiff's pasture. The case was tried to the court. The defendant admitted liability and the only issue tried was the question of damages. The trial court awarded $50 for damage to plaintiff's fence and $750 damage for loss of use of his pasture.

The appeal is from the judgment and the only issue presented is as to the amount of damages awarded for the loss of use of the pasture. We affirm the judgment.

Section 18–08–01, N.D.C.C., provides in part:

"Any person who shall set or cause to be set on fire any * * * stubble lands, except as hereinafter provided * * * shall be liable in a civil action to any person damaged by such fire to the extent of such damage."

A violation of the above statute renders one absolutely liable for injuries to others. Seckerson v. Sinclair, 24 N.D. 625, 140 N.W. 239.

This was a prairie pasture. The land was leased by the plaintiff from the State. The term of the lease was five years. It had three years to run. The fence belonged to the plaintiff. The pasture contained 640 acres and about 540 acres were burned over as a result of a fire set by the defendant on his stubble land. The fire escaped and burned plaintiff's pasture. The unburned portions were in opposite corners which did not have water available for the cattle. The fire occurred in April 1963 and the plaintiff testified the whole pasture became useless for that year. He testified it would, however, regain its usefulness in 1964.

The plaintiff ordinarily pastured his livestock on this pasture for about five and one-half months each summer. He had about 230 head of livestock in 1963 and would have grazed his cattle in this pasture if it had not burned. The livestock

consisted of about 100 cows with their calves and about 30 yearlings. The plaintiff does not claim damage to the land and it appears that nature will restore the pasture making it useable in 1964. The plaintiff's case is based on the loss of use of the pasture in 1963 as a result of the wrongful burning of it by the defendant. Under these circumstances, we find the measure of damages is for the loss of use of the property for the year 1963. Damage for the loss of use of property is the value of the loss of use to the person wrongfully deprived of the use. Mahanna v. Westland Oil Co., N.D., 107 N.W.2d 353; 25 C.J.S. Damages § 41; 22 Am.Jur.2d Damages, Secs. 152 and 153.

■ The damage was proximately caused by the defendant's tort and the measure is the amount which will compensate for all of the detriment proximately caused thereby, whether it could have been anticipated or not. Section 32–03–20, N.D. C.C.

The defendant argues the evidence does not support an award of damages in the amount of $750 for the loss of use of the pasture because it establishes that the plaintiff could have used the burned pasture in 1963 and that he should have done so to mitigate the damages. In support of this argument, he points out that the evidence establishes that over 100 acres of the pasture were not burned, that 1963 was a good growing season with more than average rainfall, that the burned-over part of the pasture made good recovery in 1963, and that, for these reasons, it could have been grazed that summer. The plaintiff denies this. He produced evidence to establish a burned-over prairie pasture must be allowed one season to recover, that if it is grazed the livestock will graze the burned-over part, as cattle prefer new grass in preference to the unburned parts, and that recovery would be hampered to the point that the pasture would not regain its use-

fulness for the next year. The evidence also discloses that it is the usual custom in the area to keep cattle off burned-over areas of prairie pastures for one year.

■ We have carefully considered the record and find that it amply sustains the decision of the plaintiff not to use the burned-over pasture in 1963 so as to allow it to recover its usefulness for 1964. The trial court, who saw and heard the witnesses, found that it was not practical for the plaintiff to have grazed the burned-over pasture in 1963. He also found that it was not practical to have fenced in the unburned portions because these portions were not supplied with water, and that the plaintiff was deprived of the use of the burned-over pasture for the year 1963. This was not objected to.

■ The evidence submitted in proof of damages was not objected to, nor was it rebutted or disproved by other evidence. It was based on the value of the use to the plaintiff for the time he was deprived of its use. This is a recognized rule for the purpose of measuring damages for the loss of use. 22 Am.Jur.2d Damages, Sec. 155. The rule is applicable to this case.

We have reviewed the evidence in support of proof of damages and find the plaintiff has sustained the burden of proof. We agree with the trial court's award of damages for the loss of use of the pasture.

The judgment is therefore affirmed.

BURKE, C. J., and FRIEDERICH, D. J., and ERICKSTAD, J., concur.

STRUTZ, J., did not participate, Honorable RAY R. FRIEDERICH, District Judge, sitting in his stead; KNUDSON, J., not being a member of this Court at the time of submission of this case, did not participate.