Eugene C. MULLENDORE, Linda V. Mullendore, Special Administratrix of the Estate of E. C. Mullendore, III, and Kathleen B. Mullendore, Appellants,

v.

SOHIO PETROLEUM COMPANY, a corporation, Joseph E. Seagram & Sons, Inc., and Layton Oil Company, Inc., Appellees.

No. 181–70.

United States Court of Appeals, Tenth Circuit.

March 2, 1971.

John L. Arrington, Jr., and James L. Kincaid, of Huffman, Arrington, Scheurich & Kincaid, Tulsa, Okl., for appellants.

David H. Sanders and Tom Mason, Tulsa, Okl., for appellees Sohio Petroleum Co. and Joseph E. Seagram & Sons, Inc.

Bert McElroy, Tulsa, Okl., for appellee Layton Oil Co., Inc.

Before HILL and McWILLIAMS, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

The appellants herein are owners of the surface rights in certain real property located in Osage County, Oklahoma, and Chautauqua County, Kansas. The appellees Sohio Petroleum Company and Joseph E. Seagram & Sons, Inc., are the lessees of the subsurface rights by virtue of a Blanket Oil Mining lease between them and the Osage Tribe of Indians. The appellee Layton Oil Company, Inc., is an independent contractor for or agent of the other appellees and was working on the leased premises at the time of the prairie fire out of which this action arises.

On January 24, 1967, a fire was started on the grass and prairie lands in Oklahoma belonging to plaintiffs which spread to their Kansas lands, causing considerable damage to the land, fencing, hay, and cattle.

On January 27, 1969, the plaintiffs filed suit for negligence against Sohio Petroleum Company, alleging that they had allowed certain of their electric power lines to slacken and sag so that, during a high wind, the lines came together. The resultant electrical discharge, they claimed, caused sparks and fire and molten fragments to drop to the grass below, starting the fire.

Originally, appellants' court complaint stated that the fire started on January 30, 1967. After appellees removed to the federal court, they moved to dismiss the complaint and, subsequently, for summary judgment on the ground that the two-year statute of limitations on tort actions barred the action.

Thereafter the plaintiffs successfully moved for leave to file an amended complaint, abandoning the original negligence claim and alleging in four respective counts breach of contract under the lease; absolute liability under 2 O.S. 1961, § 741; statutory negligence under 2 O.S.1961, §§ 746, 747; and for dam-

ages to surface owners under 45 Stat. 1478, 1479. A motion to dismiss was filed.

The motion to dismiss came on for hearing, and the trial judge dismissed the action. His order doing so found that the action sounded in tort, not contract, and that plaintiffs' attempt to circumvent the otherwise applicable two year limitations period contained in 12 Okl.St.Ann. § 95 (Third) by their amended complaint did not create, under the statutes they had alleged, a new cause of action but merely provided for a penalty and forfeiture and civil damages. It is from this order that the present appeal is taken.

Plaintiffs' contract theory is predicated upon those sections of the lease that relate to damages for use of the surface and to the duty of the lessee to carry on operations in a workmanlike manner, commit no waste and allow no waste to be committed upon the land, and permit no nuisance to be maintained upon the land.

Essentially, their claim is that, as third party beneficiaries under the lease, they are entitled to sue either in tort or in contract. Inasmuch as the lease and the law imposed upon the defendants a duty to carry on their activities in a safe and non-hazardous manner, it is claimed, their conduct constituted both a breach of contract and a tort. Cited in support of this position are Hall Jones Oil Corp. v. Claro, 459 P.2d 858 (Okl. 1969); In Re Talbott's Estate, 184 Kan. 501, 337 P.2d 986 (1959); Chicago, R. I. & P. Ry. Co. v. Harrington, 44 Okl. 41, 143 P. 325 (1914); Hobbs v. Smith, 27 Okl. 830, 115 P. 347 (1911). Hence, the assertion is made, the five year statute of limitations, 12 Okl.St.Ann. § 95 (First), should apply.

In support of their contention that the action can be considered only as a tort action, the appellees rely on Morriss v. Barton, 200 Okl. 4, 190 P.2d 451 (1948); Independent Torpedo Co. v. Carder, 165 Okl. 87, 25 P.2d 62 (1933); Jackson v. Central Torpedo Co., 117 Okl. 245, 246

P. 426 (1926). In these cases, the Oklahoma Supreme Court held that, where a contract is the mere inducement creating the state of things that furnishes the occasion for a tort, the tort, not the contract, is the basis of the action. Also propounded therein is the proposition that, if a duty to take due care arises from the relation of the parties irrespective of a contract, the action is one of tort.

Particular reliance is placed upon Jackson v. Central Torpedo Co., *supra*, in which the transaction which was the subject matter of the action originated in a contract which placed the parties in such a relation that the defendant, in attempting to perform, committed a tort. The court not only found the action to be exclusively a tort action, but also applied the two-year statute of limitations contended for by the present appellees.

We think the appellants' cases are inapposite. Indeed, in *Hall Jones Oil Corp.*, *supra*, relied on heavily by the appellants, the court's holding is that, where the basis of the action is the deliberate breach of a term of the contract, such conduct amounts to a tortious breach giving rise to punitive damages. The gravamen of the action, however, remains a wilful breach of contract.

The nature of the appellants' grievance in the present case is the defendants' negligence in attempting to perform under the lease. The set of circumstances present in this case fall within the purview of Jackson v. Central Torpedo Co., *supra*, and we conclude that the rule of that case is applicable to the present case.

Accordingly, the trial court correctly dismissed the action insofar as it attempted to state a claim based upon breach of contract.

■ Further urged by appellants is their theory that 2 O.S.1961 § 741, a section of Oklahoma's Act to Regulate Prairie Fires creates absolute liability without reference to negligence, so that 12 O.S.1961, § 95 (Second), which pro-

vides for a three-year statute of limitations, applies.

§ 741 of the Oklahoma statutes provides in essence that any person who sets or causes to be set on fire any woods, marsh, prairie, grass or stubble lands shall be guilty of a misdemeanor and be subject to a fine or jail sentence or both, as well as being subjected to damages in a civil action by any person damaged by such fire.

Appellees concede that § 741 imposes absolute liability without negligence. However, they argue that the section simply does not apply to the present case, inasmuch as those persons covered by its terms are ones who intentionally or deliberately set a fire, and there is no allegation in the present case that the defendants deliberately set the fire. Freeman v. Vandruff, 126 Okl. 238, 259 P. 257 (1927); Leach v. Hepler, 32 Okl. 729, 124 P. 68 (1912).

Appellees' position is simply that they are not members of the classes of persons intended to be covered by the statute, so that it does not give appellants as against them a statutory remedy in derogation of the common law recovery in tort.

This contention is correct. Not only does the statute plainly state that the fire must be "set" or "caused to be set," but, indeed, appellants' cases cited in support of their contention do not indicate otherwise. For example, United States v. Eytcheson, 237 F.Supp. 371 (D.Mont.1965), deals with the setting of a forest fire, while Schmeet v. Schumacher, 137 N.W.2d 789 (N.D.1965), deals with the setting of a fire by the defendant on his stubble land.

The case of Choctaw, O. & G. R. Co. v. Alexander, 7 Okl. 579, 52 P. 944, aff'd on rehearing, 7 Okl. 591, 54 P. 421 (1898), relied on so earnestly by appellants, is inapposite on this point. That case deals with an entirely different section of the Prairie Fire Act.

The third ground relied on for reversal is that the cause of action should be able to go forward under 12 O.S.1961

§§ 746, 747, and that the three-year limitations period contained in 12 O.S.1961 § 95 (Second) should apply to such a cause of action. The above statutes relied on by appellants are founded on the common law, see Leach v. Hepler, *supra,* and, inasmuch as the liability is therefore not a liability created by statute, the two year statute of limitations applies. See Hough v. Hough, 206 Okl. 179, 242 P.2d 162 (1952), Sharp v. Sharp, 154 Kan. 175, 117 P.2d 561 (1941).

Finally, appellants argue that 45 Stat. 1478–1479 (1929), amending 41 Stat. 1249 (1929), creates a cause of action so that, again, the three-year limitations period provided for liability created by statute applies. 12 O.S.1961 § 95 (Second). It was not the intent of these statutes to create a new cause of action not otherwise available, and the two-year limitations period contained in 12 O.S.1961, § 95 (Third) applies. Phillips Petroleum Co. v. Sheel, 206 Okl. 330, 243 P.2d 726 (1952); Midland Oil Co. v. Ball, 115 Okl. 229, 242 P. 161 (1924).

Affirmed.