**INSURANCE COMPANY OF NORTH AMERICA, a corporation, Plaintiff in Error,**

v.

**Isadore SHEINBEIN and Gloria G. Sheinbein, husband and wife, Defendants in Error.**

**No. 43283.**

Supreme Court of Oklahoma.

Sept. 14, 1971.

Robert J. Petrick, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for plaintiff in error.

Kenneth R. Webster, Duvall, Head, McKinney & Travis, Oklahoma City, for defendants in error.

McINERNEY, Justice.

The only question necessary for us to decide on this appeal is whether the intentional lighting of a grass fire on a residential lawn results in strict liability for damages caused by a non-negligent loss of control of the fire.

In March, 1967, Gloria G. Sheinbein, defendant, started a grass fire on the lawn of her home to burn the old grass and weeds. She testified that she had trouble lighting the fire because there was no wind, that the grass burned slowly, that the fire went out once, that she again had trouble lighting it, and that she had a water hose to control the fire. According to her testimony, she lost control of the fire immediately after a sudden gust of wind caused it to spread rapidly. A jury trial resulted in a verdict and judgment for defendants.

■■■ Civil liability for damages caused by fires usually must be based upon negligence unless constitutional or statutory provisions establish a different standard. 35 Am.Jur.2d, Fires, § 7. Strict liability for damages resulting from fire is not imposed upon the user under most circumstances because of its "utility" and "universal use." Prosser, Torts § 76, at p. 518 (3rd ed. 1964). The trial court instructed the jury on the theory of negligence, but refused to give instructions requested by the plaintiff under which the jury could have held the defendants liable without finding that they had been negligent. Plaintiff argues that the fire is a nuisance under Oklahoma constitutional and statutory provisions, and that these provisions impose liability without fault or negligence for damage caused by the fire, citing 50 O.S.1961, §§ 1, 18, 19; 21 O.S.1961, § 1395; and Art. 2, Sec. 23, Okl.Const.

Title 50 O.S.1961, §§ 18, 19 and 21 O.S. 1961, § 1395 were enacted as a part of the Penal Code, Session Laws 1936–1937, Ch. 15, Art. 1, entitled "An Act for the prevention of forest or woods fires." The relevant parts of Section 1 of the Act, now 21 O.S.1961, § 1395, provide that it shall be a misdemeanor to allow a fire to escape the control of the one starting or having charge of it, or to allow it to spread to the property of any person other than the one starting it, or to burn any brush, stumps, logs, rubbish, fallen timber, grass, stubble or debris of any sort without taking necessary precaution to prevent spreading of the fire. Section 3, now 50 O.S.1961, § 18, declares an uncontrolled fire on any forested, cutover, brush lands or grasslands to be a public nuisance. Section 4, now 50 O.S. 1961, § 19, provides for the recovery of double damages in a civil action against any person responsible for a fire that causes damage.

■■■ These statutes were enacted as part of a forest fire penal code. The title of an act may be used to assist in ascertaining the intent of the Legislature. Perry v. Oklahoma City, Okl., 470 P.2d 974, 979 (1970). We conclude that the Legislature did not intend to include a grass fire on the lawn of residential property in an act for the prevention of forest fires. In Leach v. Hepler, 32 Okl. 729, 124 P. 68, 69–70 (1912), the Supreme Court held that liability for damages caused by a fire which spread beyond control could be based only upon negligence, wilfulness or carelessness in allowing it to spread where the fire did not come within statutory provisions creating liability without fault for starting certain kinds of fires or allowing them to spread beyond control. This rule was approved in Freeman v. Vandruff, 126 Okl. 238, 259 P. 257, 258 (1927).

■■■ Plaintiff contends that the fire was a nuisance under 50 O.S.1961, § 1 because the act of allowing it to spread was unlawful under 21 O.S.1961, § 1395. Section 1 defines a nuisance as "unlawfully doing an act, or omitting to perform a duty, which act or omission * * *" results in certain injuries, dangers or annoyances. We have determined that Section 1395 is not applicable for the reasons stated above. Therefore, the escape of the fire was not unlawful under this Section.

■■■ In Foster and Keeton, Liability Without Fault in Oklahoma, 3 Okl.L.Rev. 1, 16 (1950), it is stated that, in the absence of a statute, liability for the escape of fire is dependent upon fault. The care required of the reasonably prudent person must be commensurate with the risk of using fire, Prosser, supra, but liability for its escape is based on negligence in the ab-

sence of a statute providing otherwise. Leach, supra. Therefore, the trial court correctly refused the instructions based upon the statutory provisions cited by plaintiff.

Claiming that the escape of fire is analogous to the escape of a poisonous spray, plaintiff relies on Young v. Darter, Okl., 363 P.2d 829 (1961), to support its theory of strict liability. In *Young,* a landowner sprayed his pasture with a poisonous weed killer which drifted and damaged a neighbor's cotton. Although, apparently, only the issue of negligence was submitted to the jury, 363 P.2d at 834, judgment entered on the jury verdict was affirmed on the theory of strict liability. The circumstances of the *Young* case were held to be appropriate for an application of the rule of Rylands v. Fletcher, (1868) L.R., 3 H.L. 330. One of the circumstances in *Young* was certain statutes which required a license and a bond for damages to engage in the business of applying pesticides. Though these statutes were enacted after the injury and did not purport to regulate the application of pesticides by one not in the business, the Court cited them as some indication that the spraying of any kind of poisonous pesticide is a hazardous activity.

█ Since the decision in *Young* was based primarily on the *Rylands* rule, we must determine whether that rule applies to a grass fire on a residential lawn. Both the English and American decisions have limited the application of the rule to "abnormally dangerous" activities or conditions which are "inappropriate" or unnatural to the surroundings. Prosser, Torts § 77, at pp. 520, 527 (3rd ed. 1964). Under the circumstances presented here, the grass fire was neither "inappropriate" nor unnatural. Furthermore, the specific statutes regulating fires to not indicate that a grass fire on the lawn of residential property is a hazardous or "abnormally dangerous" activity or condition. Therefore, we reaffirm the holding in Leach, supra, and hold that the factual situation here does not fall within the rule of Rylands v. Fletcher.

Plaintiff relies on our decision in British-American Oil Producing Co. v. McClain, 191 Okl. 40, 126 P.2d 530 (1942) and Gulf Oil Corp. v. Hughes, Okl., 371 P.2d 81 (1962), to establish absolute liability under Art. 2, Sec. 23, Okla.Const. In those cases, we held that Section 23 authorizes the recovery of damages for substantial injury to property resulting from the lawful operation of a nearby business activity although the business was not conducted negligently. The damages in *McClain* were caused by drilling operations of oil companies, and in *Hughes,* the plaintiff's water wells were damaged by salt water from a waterflood operation. In the present case, the damages did not result from normal business operations. See Gulf Oil Corp. v. Hughes, supra 371 P.2d at 84. Moreover, there are no factual similarities between this case and the *McClain* and *Hughes* cases. Thus, we do not consider those cases to be determinative of the issue of absolute liability under Section 23 in this case.

In Larkins-Warr Trust v. Watchorn Petroleum Co., 198 Okl. 12, 174 P.2d 589, 593 (1946), we said:

"These two sections [Sections 23 and 24 of Article 2 of the Oklahoma Constitution] go a long way toward property owners' reasonable protection, but they do not have the effect of segregating and isolating each owner's property into an utterly inviolable sphere around which others must live in a state of absolute peril."

█ The authority submitted by plaintiff does not support its contention that the loss resulting from a grass fire on the lawn of residential property constitutes a taking or damaging of private property for private use under Section 23 of Article 2 of the Oklahoma Constitution. Thus, we hold that it was not error, under these citations of authority, to refuse the plaintiff's requested instruction based on Section 23. Irwin v. Irwin, Okl., 416 P.2d 853 (1966), Syl. 4. See Stills v. Mayor, Okl., 438 P.2d 477, 483 (1968).

The contention that the court erred in not directing a verdict for the plaintiff is predicated on its theory of the defendants being liable without regard to fault. Our conclusion that the theory of liability without fault is not applicable to the factual situation presented in this case disposes of this contention.

Affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN and LAVENDER, JJ., concur.

BLACKBIRD and HODGES, JJ., dissent.